603 So.2d 73 (1992)
Karl A. SZYMANSKI, Appellant,
v.
Catherine A. SZYMANSKI, Appellee.
No. 91-1034.
District Court of Appeal of Florida, Fourth District.
July 29, 1992.
*74 Karl A. Szymanski of Karl A. Szymanski, P.A., West Palm Beach, pro se appellant.
Susan J. O'Hara, Palm Beach, for appellee.
PER CURIAM.
The husband in a dissolution proceeding brings this appeal from the trial court's judgment for attorneys' fees and costs directed to a temporary relief order. We reverse.
On January 31, 1991, the trial court entered an order of temporary relief, which provided in pertinent part:
3. The husband shall pay temporary attorney's fees of $3,000 and temporary costs of $1,500; both payments are due within 45 days, or March 8, 1991.
It is uncontested that the husband never made this payment to the wife, nor appealed from the trial court's temporary relief order.
On March 18, 1991, the parties were again before the court on the wife's motion for contempt for nonpayment of monies required by the temporary relief order. The wife's only allegation in her motion for contempt and for a restraining order was that the husband "caused the electricity to be turned off at the marital home since he has not paid the bill as ordered by this Court." The wife's motion for contempt made no mention of the nonpayment of temporary attorney's fees and costs. However, during the hearing on the contempt motion the trial judge asked counsel for the wife whether she wanted the court to give her a judgment against the husband for the fees and costs, to which counsel for the wife responded yes. The trial court entered a judgment for attorney's fees and costs, and this appeal followed.
The husband argues that the trial court erred in entering a judgment for temporary attorney's fees and costs without giving the husband notice and an opportunity to be heard on the issue. We agree. The trial court erred in awarding a money judgment for unpaid attorney's fees and costs to the wife, in the absence of a properly pled request for such by the wife. See Kratzer v. Reimiller, 552 So.2d 1188 (Fla. 5th DCA 1989). A trial court cannot determine matters not noticed for hearing and not the subject of appropriate pleadings. See Hart v. Hart, 458 So.2d 815 (Fla. 4th DCA 1984). In the instant case the wife requested only an order of contempt directed to the husband's nonpayment of the electric bill. Therefore the court erred in entering a judgment for temporary attorney's fees and costs when the wife had not requested such a judgment and the husband was not on notice that such a judgment would be decided during the contempt hearing.
REVERSED.
GLICKSTEIN, C.J., and ANSTEAD and POLEN, JJ., concur.