634 So.2d 1136 (1994)
Nora Karen THOMAS, Appellant,
v.
Darnell F. HARRIS, Jr., Appellee.
No. 93-3538.
District Court of Appeal of Florida, First District.
April 12, 1994.
Jeanine B. Sasser of Sasser & Sopp, Jacksonville, for appellant.
Moses Meide, Jr., Jacksonville, for appellee.
PER CURIAM.
Appellant seeks review of a non-final order awarding appellee temporary custody of the parties' minor child. We reverse and remand for further proceedings.
The order appealed from followed a noticed hearing on appellee's motion for temporary custody alleging solely that the child's progress in school had deteriorated. At the onset of the hearing, the trial judge announced that testimony would be limited to the issue of whether cigarette smoking occurred in appellant's home in the presence of the minor child. An earlier petition to modify a final judgment of paternity alleged, inter alia, that the child suffers from asthma which is aggravated by the cigarette smoking of appellant's new husband and mother-in-law. However, this specific allegation is not found in the motion for temporary custody which was the subject of the hearing below.
A court cannot modify a judgment unless the issue of modification is properly presented to it by appropriate pleadings and each party is given an opportunity to respond *1137 and a hearing had with the necessary proof adduced. Brady v. Jones, 491 So.2d 1272 (Fla. 2d DCA 1986); DeWalt v. DeWalt, 305 So.2d 792 (Fla. 4th DCA 1975). Cortina v. Cortina, 98 So.2d 334 (Fla. 1957). Herein, the parties came to the hearing expecting to present testimony on the issue of the child's school progress reports. Instead, they were questioned about cigarette smoking in the home and any related effect on the asthmatic child. It is clear the parties were not prepared to present evidence on this issue,[1] as manifested in part by the complete lack of medical testimony adduced regarding the detrimental effect of smoking upon the child. On a dearth of evidence, the lower court ordered a change in custody. We believe the effect of the trial court's order was to improperly modify custody without appropriate notice, pleadings, or factual predicate. See Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988) (trial court violates due process rights when it addresses matters not noticed for a hearing).
Because the issue of smoking and its effect on the child was not before the court herein by proper notice upon the motion for temporary custody, we reverse and set aside the order awarding appellee temporary custody and remand for further proceedings on this subject as well as any other issues bearing upon the best interests of the child.[2]
BOOTH, MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] At oral argument, both parties conceded surprise.
[2] Our decision in this respect makes it unnecessary for us to consider appellant's contention that, on the merits, the record shows that the change of custody amounted to an abuse of discretion. We do, however, note that there may very well exist, upon a proper showing substantiated by medical evidence, circumstances wherein a smoking environment may be determined to be detrimental to, and not in the best interests of, the welfare of a child.