PER CURIAM.
In this consolidated appeal, the prospective adoptive parents of Baby Boy G. challenge the dismissal with prejudice of their declaratory judgment suit in trial court case number 96-10097-D, and an order denying their motion to intervene in a termination of parental rights proceeding in trial court case number 93915-PC.
In the declaratory judgment action, the prospective adoptive parents sought to determine whether the consent of C.V., the biological father and the appellee herein, should be excused for reasons of prebirth abandonment. The trial court found that the prospective parents lacked standing to bring the action and were improperly seeking either an advisory opinion or factual findings on matters that would be determinative in other pending cases, which were not before the trial court. We agree with the trial court’s reasoning and, therefore, affirm the order dismissing the declaratory judgment action.
In trial court case number 93915-PC, Adoption By Choice, Inc., a licensed child placement agency, sought to terminate the natural parents’ rights to Baby Boy G. and to have the child permanently committed to it for subsequent adoption. The prospective adoptive parents filed a motion to intervene in that action, claiming to be necessary parties. The trial court denied the motion by a written order, finding that the prospective parents lacked standing in that instance as well. By the same order, the trial court dismissed the entire termination action with prejudice, refusing to allow Adoption By *1105 Choice, Inc., or the prospective adoptive parents to file amended pleadings. Adoption By Choice, Inc., did not appeal the decision; though, the prospective parents have challenged that portion of the order which denies their motion to intervene.
Because the agency’s action was dismissed with prejudice, we conclude that the trial court did not abuse its discretion in denying the motion to intervene. We do further find, however, that after dismissing the main action and denying the motion to intervene, the trial court was without authority to adjudicate any of the prospective parents’ rights or otherwise prohibit them from pursuing any claim or remedy that might be available to them in another proceeding relating to the adoption of Baby Boy G..
Affirmed.
DANAHY, A.C.J., and CAMPBELL and THREADGILL, JJ., concur.