721 So.2d 731 (1998)
Sarah MOODY, Appellant/Petitioner,
v.
Michael R. MOODY, Appellee/Respondent.
Nos. 97-4313, 98-806.
District Court of Appeal of Florida, First District.
June 3, 1998.
*732 Beverly B. Parker, Jacksonville Area Legal Aid, Inc., Jacksonville, for Appellant/Petitioner.
Alexa K. Alvarez, of Alvarez & Page, P.A., Fernandina Beach, for Appellee/Respondent.
PER CURIAM.
We have before us two cases stemming from the same dissolution action below. One case is an appeal from an order finding the wife in contempt of court and the other is a petition for writ of prohibition that contests the lower court's denial of the wife's motion for disqualification of the presiding judge in the case. For purposes of disposition in this single opinion, we hereby consolidate these two cases. For the reasons explained below, we reverse the contempt order and deny the writ.
In May 1997, the wife (appellant) petitioned for and was granted an injunction against domestic violence as to the husband. The presiding judge issued a written judgment on the injunction, which awarded temporary custody of the couple's two children to the wife, specified a visitation schedule for the husband, established the child support amount the husband must pay, and provided that no one was permitted to smoke cigarettes "in the presence of the minor children." Subsequently, in June the husband filed petitions for dissolution of marriage and for temporary custody and child support and a motion for contempt against the wife. The husband also filed a motion to consolidate the domestic violence injunction case with his dissolution case, which was granted in July.
A hearing on the motion for temporary custody was held on September 8 and 9, 1997, before a substitute judge. The husband's August notice of hearing indicates that both the husband's motion for temporary custody and motion for contempt were set for the September hearing date, and the ensuing order entitled "Order on Motion for Temporary Relief" recites that both motions were scheduled for hearing on that date. Nothing in the order, however, indicates, nor do the parties argue here that the contempt motion was argued or ruled on in the September hearing.
In the written order on the husband's motion for temporary custody and child support, the substitute judge followed the statutory criteria in section 61.13(3), Florida Statutes, in making his findings and fully explicated his determination of the best interests of the children. The court awarded temporary primary residential custody to the wife, established the temporary child support that the husband was required to pay, and continued the husband's previously established visitation schedule.
Subsequent to the September 8-9 hearing, the wife filed a motion for contempt against the husband. The husband's July notice of hearing stated that his contempt motion was set for hearing on October 6, 1997. On that day the original presiding judge heard argument on both the husband's and the wife's motions for contempt. The husband's motion claimed that the Wife had disallowed his visitation on two occasions and that she had smoked in the presence of the children. The husband requested that the court "enter an order ... punishing [the wife]." In her motion for contempt the wife contended that the husband failed to pay child support and committed domestic violence by trying to hit her with his car.
At the hearing, the wife admitted, consistent with her testimony at the hearing on the husband's petition for temporary custody, that she had denied her husband's visitation with the children on two occasions when she believed him to be drunk. She also testified that on each occasion, she offered the husband *733 visitation on the following day. The husband denied being drunk on either occasion. The husband's mother testified that on one occasion in June when the wife arrived with a friend to pick up the children, the wife was smoking inside the car with the windows rolled up. She did not testify whether the children got into the car. The wife denied ever having smoked in the presence of the children, and the friend who accompanied her on the day of the alleged incident testified that the wife was not smoking in the car on that occasion and that she had never seen the wife smoke in the presence of the children.
In regard to the wife's contempt issues, the husband admitted that he had not paid the house payments required as child support, but claimed that the mortgage company would not accept his attempt at late payment. The wife testified to the husband's attempt to hit her and another person with his car and to the fact of criminal charges pending against the husband in regard to the incident as to the other person. The husband denied trying to hit either his wife or the other person, but he admitted that the charges were pending.
At the conclusion of the hearing, the presiding judge stated that his most pressing concern was the exposure of one of the parties' children to cigarette smoke because the child suffers from asthma. Finding the wife in contempt for smoking in the presence of the minor children and for denying the husband visitation with the minor children on two occasions, the presiding judge abruptly transferred custody of the asthmatic child to the husband and discontinued the husband's child support obligation. The court also denied the wife's motion for contempt.
On October 13, 1997, the wife filed a motion to disqualify the judge. The motion alleged that the wife believed that she would not receive a fair trial or hearing because the presiding judge in the case had a personal prejudice against parents who use tobacco. The allegation was based on comments the judge made to the wife at the conclusion of the contempt hearing about her smoking and in regard to the credibility of her witness's testimony because her friend is also a smoker. In addition, the wife attached documents to the motion, including this court's opinion in Thomas v. Harris, 634 So.2d 1136 (Fla. 1st DCA 1994), a case in which the same judge presided below and which also involved the issue of smokers and custody of an asthmatic child. Also attached to the motion was the transcript of a television interview, in which the presiding judge commented negatively on the credibility of all smokers who testify that they do not smoke in the presence of asthmatic children. The presiding judge finally denied the motion for disqualification after this court issued a writ of mandamus requiring the court to rule. The wife then filed a petition for writ of prohibition in this court on March 3, 1998, contesting the court's denial of the motion.
As stated above, the husband's motion for contempt against his wife requested that the wife be found in contempt and punished. On appeal, the wife argues and we agree that the court erred in the contempt proceeding when it changed the custody of one of the children from the wife to the husband. Transfer of custody cannot be used as a punishment in a contempt proceeding. See, e.g., Ginder v. Ginder, 536 So.2d 1155, 1157 (Fla. 1st DCA 1988), (stating that transfer of custody in contempt proceeding "would impose an impermissible punishment"), review denied, 544 So.2d 199 (Fla. 1989); Crippen v. Crippen, 508 So.2d 1339 (Fla. 4th DCA 1987)(order transferring custody where mother defied court's visitation orders reversed because such cannot "constitute the sole reason for a change of custody"). Although the presiding judge announced in the instant case that the reason for the transfer of custody was his concern for the child's health, there was no evidence presented that the asthmatic child's health was affected. There was no testimony that the wife or anyone else ever had smoked in the presence of the child.
Quite apart from the legal issue resolved by this court in Ginder and reaffirmed in Thomas v. Harris and without regard to the evidence adduced below, our independent review of the record reveals a clear and overarching violation of the wife's right to fundamental due process. In *734 Schnicke v. Schnicke, 533 So.2d 337, 337-338 (Fla. 5th DCA 1988), the court reversed an order of contempt that transferred custody as follows:
This order followed a noticed hearing on appellee's motion to hold appellant in contempt for allegedly disobeying the court's order on visitation. No pleadings were filed requesting a change of custody nor was there any notice that any such change of custody would be heard or considered by the court. The trial court cannot modify a support order or other adjudicated right unless the court's subject matter jurisdiction has been properly invoked by appropriate pleadings, and that invoked jurisdiction has been perfected by the proper service of process and due process notice and an opportunity to be heard on that issue has been had.
This succinctly states the requirements of due process in cases such as the instant case. See also, Fisher v. Whiteside, 541 So.2d 1209 (Fla. 2d DCA 1988)(holding that court lacked jurisdiction to modify visitation where it dismissed the modification petition); Brady v. Jones, 491 So.2d 1272, 1273 (Fla. 2d DCA 1986)("As the order [terminating visitation] adjudicated issues neither presented by the pleadings nor litigated by the parties, it denied the wife fundamental due process and must be reversed."); Vanoy v. Johnson, 459 So.2d 453 (Fla. 5th DCA 1984)(reversing contempt order where motion noticed for hearing was petition for modification of custody); Lourcey v. Lourcey, 256 So.2d 25 (Fla. 1st DCA 1971)(reversing, for lack of jurisdiction, order reducing child support ordered in final decree where court denied contempt motion alleging alimony and support arrearages and defendant orally moved for support reduction). See also Thomas v. Harris, 634 So.2d 1136 (Fla. 1st DCA 1994)(reversing, on ground of due process, order that transferred custody where court limited issue at hearing to whether there was smoking in presence of child, but sole issue noticed for hearing was child's school progress). Due process is violated when a court modifies visitation, changes primary residence, or alters child support when the notice of hearing does not include this issue. Gelato v. Basch, 658 So.2d 664, 665 (Fla. 4th DCA 1995)("More importantly, the trial court committed reversible error in changing primary residence, even on a temporary basis, at a hearing that was not noticed for that issue."); Hammond v. Hammond, 492 So.2d 837, 838 (Fla. 5th DCA 1986)(reversing trial court's reduction of child support at hearing on motion for contempt for failure to pay child support and saying that "[a] trial judge cannot modify a judgment calling for child support payments unless the issue of modification is presented by appropriate pleadings and each party is given notice and the opportunity to be heard on such issue"); Levitt v. Levitt, 454 So.2d 1070 (Fla. 2d DCA 1984)(finding wife's due process rights violated when at hearing on motion for continuance, court reduced child support).
In the instant case, the notice for hearing stated that the court would entertain a motion for contempt. Neither the husband's nor the wife's contempt motions requested a change of custody or modification of child support. The trial court thus clearly erred in transferring custody of one of the children and in cancelling the husband's requirement to pay child support. Accordingly, we reverse.
At oral argument, counsel for the wife conceded that should this court reverse the order of contempt, this court would not need to issue a writ of prohibition. This is so because the presiding judge in the instant case has been administratively transferred to another county. Accordingly, we deny the wife's petition for writ of prohibition. In the event that the trial judge whose orders in this case are the subject of the instant appeal should again be reassigned, however, we are confident that he would not again assume the position of presiding judge in any case involving these two parties. Should our confidence be misplaced, however, we direct the Chief Judge to cause such case to be assigned to one other than the original presiding judge.
MINER, KAHN and WEBSTER, JJ., concur.