765 So.2d 747 (2000)
Maya WINDDANCER, a/k/a Ellen Noble, Petitioner,
v.
Michael A. STEIN, Respondent.
No. 1D99-4689.
District Court of Appeal of Florida, First District.
May 26, 2000.
*748 Gary S. Edinger, Gainesville, for Petitioner.
Cynthia Stump Swanson, Gainesville, for Respondent.
KAHN, J.
In this certiorari proceeding, petitioner, the mother of a minor child, seeks review of a rather expansive order entered after a hearing on petitioner's motion regarding only the circumstances of a single planned visitation between the respondent father and the child. Despite the narrow subject matter of the motion, the order requires the mother to undergo weekly counseling, directs the mother's counselor to confer with father's attorney, and compels the child to continue counseling with a particular therapist. The order also admonishes the mother "that if she continues to attempt to block visitation between (father and child), then this court will enter a very specific order delineating specific time frames during which she must turn over (the child) to Mr. Stein, and if she refuses to do that, she is likely to lose custody of the minor child ..."
The father and mother agree that counseling for the mother and child was not sought, noticed, or litigated in the hearing on petitioner's Emergency Motion for Protective Order and Temporary Modification of Child Visitation. We have previously held that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process. See Moody v. Moody, 721 So.2d 731, 734 (Fla. 1st DCA 1998) (reversing order transferring child custody and canceling husband's requirement to pay child support where the notice for hearing stated that the court would entertain a motion for contempt); Thomas v. Harris, 634 So.2d 1136, 1136-37 (Fla. 1st DCA 1994) (reversing change of child custody due to deleterious effect of tobacco smoke on child where notice of hearing specified issue raising question of custody change was poor progress in school). The Second District has specifically held that it was reversible error for the trial court to impose parenting classes and psychological counseling on the parties "in the absence of a motion or other notice and opportunity to be heard on the issues." Silvers v. Silvers, 504 So.2d 30, 31 (Fla. 2d DCA 1987).
Such a violation of due process constitutes a departure from the essential requirements of the law. Because the mother and child face the irreparable harm of compulsory psychological counseling rendered without notice or an opportunity to be heard, later review on appeal would provide an inadequate remedy. See In re. T.M.W., 553 So.2d 260, 262 (Fla. 1st DCA 1989). Accordingly, relief by writ of certiorari is apposite. See id.
Additionally, the portion of the trial court's order threatening sanction for future non-compliance with visitation is either non-binding surplusage or an improper advisory opinion on matters which were not before the trial court. Cf. Baby Boy G. v. C.V., 703 So.2d 1103, 1104 (Fla. 2d DCA 1997). Trial judges are not without *749 power to admonish litigants in appropriate circumstances. Nevertheless, the order here goes too far by purporting to fashion remedies that are purely hypothetical.
Accordingly, we GRANT the petition for writ of certiorari and QUASH those portions of the trial court's order apart from the specific ruling regarding the terms of November 1999 visitation.
JOANOS and ALLEN, JJ., CONCUR.