850 So.2d 682 (2003)
Julian Richard KANTER, Appellant,
v.
Susan Tynce KANTER f/k/a Susan Tynce Rice, Appellee.
No. 4D03-194.
District Court of Appeal of Florida, Fourth District.
July 30, 2003.
*683 Holly Davidson Schuttler of Holly Davidson Schuttler, P.A., and Barbra Amron Weisberg of Barbra Amron Weisberg, P.A., Boca Raton, for appellant.
Tracy Belinda Newmark of Fixel & La Rocco, Hollywood, for appellee.
OWEN, WILLIAM C., JR., Senior Judge.
Couching his appeal in terms of fundamental error apparent on the face of the order, Julian Kanter (husband) seeks thereby to surmount that which, in this case, is insurmountablemeeting his burden to demonstrate reversible error in the absence of a transcript of the evidentiary hearing. Because we find in this case the order appealed does not show error, fundamental or otherwise, on its face, we affirm.
Married in 1981, the parties separated in early 2000 and thereafter maintained separate residences. Some two years later, in June 2002, husband filed a petition seeking dissolution of the marriage and equitable distribution of the marital assets. The wife filed an answer and a counter petition for dissolution of marriage seeking equitable distribution of the marital assets, including exclusive use of the marital residence, temporary and permanent alimony and attorneys fees. In mid-October, husband filed a Verified Motion for Temporary Injunction to Prevent Dissipation of Marital Assets, alleging that the wife had, without his knowledge or consent, withdrawn $500,000 from his IRA account, sold real property owned by the parties, and dissipated certain described marital assets. The husband requested the court to issue a temporary injunction enjoining the wife from further dissipating the marital assets in order to preserve the status quo.
Pursuant to notice, a hearing on the husband's motion was held on December 9, 2002. Significantly, and the primary basis for the husband's attempt to overturn the order, the only matter noticed for hearing was the husband's motion. Immediately upon the conclusion of the evidentiary hearing, the court entered the following order, the decretal portion of which (shown in italics below) was hand-written by the trial judge:

*684 This cause came before this Court on 12/9/02 Petitioner/Husband's Emergency Motion (sic) this Court having having (sic) heard testimony, argument of counsel, and having been otherwise fully advised of (sic) the premises, does hereby:
ORDER AND ADJUDGE: upon agreement of the parties at the hearing, the marital assets shall not be disposed, sold, conveyed, encumbered or mortgaged, including real estate, retirement accounts, joint funds or bank accounts, vehicles or business stock or interests. Husband's request for attorneys' fees is denied. To maintain the status quo, as of 11/22/02 the Husband ceased paying temporary support* to the Wife and he shall immediately re-commence payment of temporary support to the Wife in the sum of $4,000.every other week ($8,666.67/month).

*This temporary support was voluntary paid by the Husband during the pendency of this case.[1]
The husband filed a motion for rehearing[2] asserting, in substance, the same three grounds he asserts on this appeal: First, the trial court committed fundamental error in granting the wife temporary support where that issue was not noticed for hearing, thereby depriving husband of his due process rights. Second, the trial court erred in granting temporary support to the wife without making findings as to her need for support and the husband's ability to pay support. Third, the trial court erred in awarding temporary support to the wife where she had failed to comply with the mandatory disclosure requirements of Florida Family Law Rule of Procedure 12.285(c).[3] Our disposition of this case on the first point necessarily renders the other two moot.
The husband acknowledges that no transcript of the December 9, 2002 hearing exists.[4] While normally, the lack of a transcript is fatal to an appellant's prospects of meeting the burden of establishing trial court error, thereby requiring an appeals court to affirm, see Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), yet, as the husband correctly argues, an appellate court may reverse an order or judgment even in the absence of an adequate record where such order or judgment is fundamentally erroneous on its face. See Ballesteros v. Ballesteros, 819 So.2d 902 (Fla. 4th DCA 2002); Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999); Holmes v. Holmes, 578 So.2d 323, 324 (Fla. 4th DCA 1991). It is the latter categoryfundamental error apparent on the face of the orderinto which the husband seeks to shoehorn the December 9, 2002 order.
*685 The courts of this jurisdiction have consistently recognized that, as a general rule, a violation of due process occurs when a court determines matters not noticed for hearing and not the subject of appropriate pleadings. See, e.g., Fuchs v. Fuchs, 840 So.2d 449 (Fla. 4th DCA 2003); Stanley-Baker v. Baker, 789 So.2d 353 (Fla. 4th DCA 2001); Winddancer v. Stein, 765 So.2d 747 (Fla. 1st DCA 2000): Szymanski v. Szymanski, 603 So.2d 73 (Fla. 4th DCA 1992). It is the husband's contention that his due process rights were violated by the trial court's award of temporary support to the wife when the only matter noticed for hearing was his motion for a temporary injunction and that this fundamental error is apparent on the face of the order.
The problem with the husband's argument is, as we see it, the face of the order contains language totally at odds with the claimed due process violation. The husband's motion alleged that he needed the temporary injunction to prevent the wife "from further dissipating the marital assets in order to preserve the status quo." At the time the husband filed his motion, he was (and had been for some indeterminate period of time prior thereto) voluntarily providing the wife with temporary support in the amount of $4,000 every other week ($8,666.67 per month). He had ceased making those payments a mere two weeks prior to the hearing. The court expressly found that in order "to maintain the status quo" the husband would be required to immediately re-commence payment to the wife of the temporary support. That language certainly sounds as though the court did not stray from the parameters of the matter noticed for hearing; in fact, it sounds as though the trial court granted the husband the precise relief he had requestedmaintain the status quo.
The husband's response is that he requested the trial court to maintain the status quo only with respect to the parties' marital assets, not with respect to the temporary support he had been paying to the wife. It may well be that the court's view of "status quo" was broader than that which the husband envisioned, but we can not say it was erroneous as a matter of law nor does it strike us that it could be viewed as an abuse of the court's discretion. The order reflects that the court heard evidence, argument of counsel and an in-court agreement by the parties at a hearing on a motion requesting the court for an order to maintain the status quo. If the court erred, the error is not apparent on the face of the order. In the absence of a transcript of the hearing demonstrating reversible error sufficient to overcome the presumption of correctness accorded the trial court order, we affirm. See Applegate, 377 So.2d 1150.[5]
WARNER and HAZOURI, JJ., concur.
NOTES
[1] We have described the hearing as an "evidentiary hearing" because the typed portion of the order states that the court "heard testimony." While it is likely that the typed portion of the order was prepared by counsel prior to the hearing, we can assume the court, before signing the order, would have deleted such language had it not accurately reflected the proceedings.
[2] So far as we are aware, no order has been entered on the motion for rehearing.
[3] The husband's motion for rehearing contained neither a denial that the order was entered "upon agreement of the parties at the hearing", nor an assertion that the husband timely objected to the temporary support provision for the wife. However, the husband does argue in his brief that the court inserted the temporary support provision over his objection, a statement obviously unsupported by any record reference.
[4] No indication is given that an effort was made to reconstruct the evidence or proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(4).
[5] Another, and we think equally plausible, view of the order, given the language "upon agreement of the parties at the hearing," is that the parties, in the presence of the court, agreed to the temporary injunction and to the resumption of temporary support payments. Neither party argues this construction.