857 So.2d 372 (2003)
Chad Samuel NEUMANN, former husband, Appellant,
v.
Kenna-Joy NEUMANN, former wife, Appellee.
No. 1D03-0198.
District Court of Appeal of Florida, First District.
October 28, 2003.
*373 Denise Watson, Jacksonville, for Appellant.
Alexa Alvarez, Fernandina Beach, for Appellee.
HAWKES, J.
The Former Husband appeals from a Final Order on his Motion for Contempt and Enforcement. The Former Husband argues the trial court's modification of his visitation schedule, in the absence of pleadings requesting such a modification, constituted an abuse of discretion and denial of due process. We agree, and reverse.
It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process. See Moody v. Moody, 721 So.2d 731 (Fla. 1st DCA 1998) (reversing an order transferring child custody and canceling husband's requirement to pay child support where the notice for hearing stated that the court would entertain a motion for contempt); Thomas v. Harris, 634 So.2d 1136 (Fla. 1st DCA 1994) (reversing change of child custody due to deleterious effect of tobacco smoke on child where notice of hearing specified issue raising question of custody change was poor progress in school).
Here, the only issue before the trial court was the Former Husband's Motion for Contempt and Enforcement. Neither the pleadings nor the notice of hearing mention or request the Former Husband's visitation schedule be modified. We conclude that by adjudicating an issue not presented by the pleadings, the trial court violated the Former Husband's right to due process and abused its discretion.
Accordingly, the visitation schedule in place at the time Former Husband filed his Motion for Contempt and Enforcement is restored, and the trial court's order is
REVERSED.
VAN NORTWICK, and PADOVANO, JJ., concur.