884 So.2d 143 (2004)
Daisy COOLEY, Appellant,
v.
Darren K. MOODY, Appellee.
No. 2D03-5091.
District Court of Appeal of Florida, Second District.
July 16, 2004.
*144 Dennis J. Alfonso of McClain & Alfonso, P.A., Dade City, for Appellant.
Laurie R. Chane of Chane & Eble, P.A., Dade City, for Appellee.
FULMER, Judge.
In this paternity action, the Mother, Daisy Cooley, challenges the trial court's order finding her in contempt of court for deliberate failure and refusal to comply with an oral order of the court announced at the hearing on a motion filed by the Father, Darren Moody, seeking temporary custody of the parties' minor child. We reverse.
The parties in this appeal are the unmarried parents of a minor child born on February 23, 2001, in South Carolina. At the birth of the minor child, the Father acknowledged paternity and signed the birth certificate. He provided support for the Mother and child both prior to and after the birth. Between September 2002 and June 2003, the child resided with the Father in Florida. During this period the Mother visited with the child. In his petition for paternity, the Father alleged that in June 2003, the Mother fled the State of Florida with the child, presumably to the State of South Carolina. Thereafter, the Father filed his petition for determination of paternity and motion for temporary custody.
At the conclusion of the hearing held August 8, 2003, on the Father's petition and motion, at which paternity was not contested, the trial court designated the Father as the temporary custodial parent. The trial court also orally ordered the Mother to "turn the child over to Mr. Moody" at 10:00 a.m. on August 11, 2003, at a designated law office in South Carolina. The trial court's rulings were reflected in a written order rendered August 18, 2003. On August 11, 2003, the Mother appeared at the law office with the child. The Father was not present. However, his wife, Lisa Moody, was present. The Mother refused to leave the child and the transfer of custody failed.
The Father filed a motion for contempt alleging that the Mother was ordered to "[b]ring the child to the law offices of Standeffer, Harbin and Griffith, 1000 Main Street, Anderson, South Carolina on Monday, August 11, 2003" and that the Mother "willfully failed to comply with said order. By [sic] refusing to leave the child at that office where the [Father's] wife was waiting for the minor child."[1]
At the hearing on the motion for contempt, most of the facts were agreed to by stipulation. Counsel for the Mother argued that the Mother complied with the specific directives of the order by appearing at the designated place and time, prepared to deliver the child to the Father; that the Father failed to comply with the order by not being present to take custody of the child; and that the law does not allow someone to be found in contempt of the unstated spirit of an order. In finding *145 the Mother in contempt, the trial court announced:
I am not going to find Ms. Cooley in contempt of court for her failure to turn over Tyler to Mrs. Moody because the order didn't say that.
However, I am finding her in contempt of court on the custody issue, because the custody was to be changed from Ms. Cooley to Mr. Moody. And although the order was specific that she was to turn over custody on a particular date and time, she did not do that based on Mrs. Moody being there.
She has made no attempts since then to effectuate the custody that was ordered by this Court and I am finding her in willful contempt of court of [sic] that.
On appeal, the Mother argues that the trial court erred by, sua sponte, finding the Mother in contempt for making "no attempts since [August 11, 2003] to effectuate the custody that was ordered by this Court" because the Mother was not ordered to attempt other arrangements to effectuate the transfer of custody in the event that the Father did not appear on August 11. The Father argues that when the Mother arrived at the designated law office, she knew the intent of the order was that she release the child and her failure to release the child was a willful violation of the order for which the trial court properly found her to be in contempt. We disagree.
It is well-established that "[o]ne may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction." Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla. 4th DCA 1980). And, "implied or inherent provisions of a final judgment cannot serve as a basis for an order of contempt." Keitel v. Keitel, 716 So.2d 842, 844 (Fla. 4th DCA 1998). The order of contempt entered in this case violates both of these rules.
The trial court correctly concluded that the Mother could not be held in contempt for failing to leave the child with Mrs. Moody because the order did not direct her to do so. However, the trial court erred by proceeding to find the Mother in contempt for failing to make attempts to effectuate the transfer of custody after August 11, 2003. It may have been the trial court's intent that the Mother find an alternative method to transfer custody if the August 11 transfer failed, but there is no language in the trial court's temporary custody order that directs the Mother to do so. We appreciate the trial court's frustration with the Mother's literal reading of the order. However, the law affords her the right to read the order as expressly written because the law also imposes upon the court the requirement to be explicit and precise in its commands if strict compliance is to be exacted in the form of a contempt sanction. See Lawrence v. Lawrence, 384 So.2d 279 (Fla. 4th DCA 1980).
Accordingly, we reverse the trial court's order finding the Mother in contempt.
Reversed.
ALTENBERND, C.J., and COVINGTON, J., Concur.
NOTES
[1] Although neither the Father nor the trial court ever identified the type of contempt proceeding invoked in this case, it may only be characterized as civil contempt because the Father initiated it by motion and sought to compel the Mother's compliance with a court order rather than to punish her for noncompliance. See Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977).