STRINGER, Judge.
Gary Minda (the Father) challenges three orders entered after a hearing on the parties’ cross-motions for contempt. We reverse the order finding the Father to be in contempt because the amended supplemental final judgment did not clearly state that the Father could not send Ms five-year-old daughter on an airplane unaccompanied by either himself or Theresa Noelle Ponce (the Mother). In addition, because no motions other than the parties’ cross-motions for contempt were pending before the trial court, we reverse the orders that purport to “clarify” the amended supplemental final judgment and that appoint a parenting facilitator because entry of these orders violated the Father’s due process rights.
The proceedings between the Father and the Mother have been acrimonious, to say the least. At the time of the hearing at issue, the Father had primary residential custody of the parties’ daughter, and the Mother had visitation rights. Because the Father lived primarily in New York and the Mother lived in Pinellas County, visitation had to be accomplished by flying the child back and forth between New York and Tampa. Due to bitter disputes concerning prior exchanges of custody, the court had entered an amended supplemental final judgment which stated in pertinent part:
*419 All visitation exchanges shall take place at the Pinellas County Visitation Center in St. Petersburg or at a visitation center near the child’s residence. In the event of an emergency or when the Visitation Center is not open, visitation exchanges shall take place at the airport police station. If there is an emergency (for example, a delayed flight) the parents shall notify each other as soon as possible. The Court anticipates that when the child reaches eight (8) years old she will be able to fly alone.
The final sentence of this provision forms the crux of the current dispute between the parties.
Following the child’s visitation with the Mother over Easter weekend 2005, the Mother filed a motion seeking to hold the Father in contempt and contending that the Father had flown the child from New York to Tampa “alone” in violation of the amended supplemental final judgment. The Mother also contended that the Father had allowed the child to fly with an ear infection. By the time of the hearing on the contempt motion, the judge who had entered the amended supplemental final judgment had been transferred to another division. Therefore, the hearing was conducted before a successor judge. The dispute at the hearing centered on whether the Father’s act of allowing the child to fly “alone” from New York to Florida violated the amended supplemental final judgment.
At the hearing on the motion for contempt, the Father testified that he was in Pinellas County just before the Easter weekend and that his wife was with the parties’ child in New York. To get the child to Florida for visitation with the Mother, the Father’s wife took the child to the airport in New York and placed her on a direct flight to Tampa. The Father testified that he paid for an escort service to accompany the child on the plane. The Father then met the child at the gate at the airport in Tampa and took her to the Mother. The Father testified that the child was not suffering from an ear infection when he met her at the airport. The Mother offered no evidence to contradict the Father’s testimony as to how the child arrived in Tampa for visitation. As to the ear infection, the Mother testified only that she had to take the child to the doctor over the holiday weekend and that the doctor had diagnosed an ear infection during that visit. There was no testimony as to when this ear infection had begun.
The Father also testified to his understanding of the disputed sentence in the amended supplemental final judgment. He testified that he understood the disputed sentence to be the prior trial judge’s understanding of when the airlines would allow a child to fly alone — not a prohibition on the child flying alone before that time if the airline would allow it. The. Mother testified that she understood this sentence to mean that the child had to be accompanied by either the Father or the Mother when she flew between New York and Tampa until she was eight years old.
After the parties had argued at length over the language of the amended supplemental final judgment, the trial court asked, “Either of the attorneys have any objection to me contacting [the prior judge] now, to see what his intention was?” Both attorneys agreed. Subsequently, the successor judge stated during its ruling, “[The prior judge] has indicated through his answer to this Court today that it is not okay for the child to fly alone until age eight.” Based on that communication, the successor judge stated that “the parties should have read and should have understood the supplemental final judgment as to visitation.” The trial court then found the Father in willful contempt of this pro *420 vision of the amended supplemental final judgment by “flying the child by herself from New York to Tampa for visitation while she had an ear infection.”[1]
During the oral announcement of its ruling, the trial court also “clarified” the amended supplemental final judgment to read, “Neither party shall fly the child alone for visitation until she is eight (8) years old.” In addition, the trial court sua sponte appointed a parenting facilitator to work with the parties. Prior to the hearing, neither party had sought clarification of the amended supplemental final judgment or appointment of a parenting facilitator, and the trial court gave no indication during the hearing that these issues might be addressed. Thus, the trial court’s oral ruling was the first time either party had notice that the trial court was considering these actions, and neither party was given the opportunity to be heard on either issue before the court issued its ruling. The trial court subsequently reduced its oral rulings to written orders, which the Father now appeals.
Addressing first the order finding the Father in contempt, we initially note that it is not at all clear that the trial court’s finding that the child was allowed to fly “by herself’ is supported by the evidence. The Father testified that his wife took the child to the gate in New York, that he paid for an escort for the child while she was on the plane, and that he met the child at the gate in Tampa. Thus, the child was not truly “by herself’ on this flight. Rather, she was simply accompanied by a paid escort rather than by her Father or Mother. Nothing in the amended supplemental final judgment requires that the child be accompanied by either the Father or Mother during flights to and from New York. Therefore, it does not appear that the trial court’s finding that the Father allowed the child to fly “by herself’ was supported by the evidence.
Even if the evidence supported the finding, however, we must nevertheless reverse the order finding the Father in contempt because he did not violate any specific provision of the amended supplemental final judgment. This case is quite similar to that of Cooley v. Moody, 884 So.2d 143 (Fla. 2d DCA 2004), which also dealt with custody exchanges between unmarried parents of a minor child. In that case, the trial court ordered the mother to “turn the child over to Mr. Moody” at 10 a.m. on August 11, 2003. Id. at 144. When the mother arrived with the child, Mr. Moody was not present, but his wife was. The mother refused to turn the child over since Mr. Moody was not there, and she subsequently refused to transfer custody at a different time and place. In finding the mother in contempt, the court stated:
I am not going to find Ms. Cooley in contempt of court for her failure to turn over Tyler to Mrs. Moody because the order didn’t say that. However, I am finding her in contempt of court on the custody issue, because the custody was to be changed from Ms. Cooley to Mr. Moody. And although the order was specific that she was to turn over custody on a particular date and time, she did not do that based on Mrs. Moody being there. She has made no attempts since then to effectuate the custody that was ordered by this Court and I am finding her in willful contempt of court of [sic] that.
*421 Id. at 145. This court reversed, holding that the mother could not be held in contempt based on the trial court’s intent when that intent was not specifically set forth in the order. In doing so, this court stated:
It may have been the trial court’s intent that the Mother find an alternative method to transfer custody if the August 11 transfer failed, but there is no language in the trial court’s temporary custody order that directs the Mother to do so. We appreciate the trial court’s frustration with the Mother’s literal reading of the order. However, the law affords her the right-to read the order as expressly written because the law also imposes upon the court the requirement to be explicit and precise in its commands if strict compliance is to be exacted in the form of a contempt sanction.

Id.

Here, as in Cooley, the prior judge’s intent was not explicitly and precisely set forth in the amended supplemental final judgment. It may have been the prior judge’s intent that the child not fly unaccompanied by either the Father or the Mother before the child was eight years old. However, the amended supplemental final judgment does not explicitly say that. Rather, the judgment states that the court “anticipates” that the child “will be able” to fly alone when she reaches eight years old. The Father’s interpretation of this provision as expressing the prior judge’s anticipation of when the disputes over custody exchanges should end is reasonable under the circumstances. The prior judge’s intent, as expressed to the successor judge via e-mail during the hearing, cannot form the basis of a finding of contempt when that intent was not plainly expressed in the written order. Further, the successor judge’s action in soliciting this e-mail from the prior judge evidences the fact that the amended supplemental final judgment was not explicit on this point. Therefore, we reverse the order finding the Father in contempt on this basis.
The Father also argues that the trial court erroneously found him in contempt for flying the child to Florida while she had an ear infection. We agree. First, no evidence was presented at the hearing to substantiate the Mother’s allegation that the child had an ear infection when she flew from New York to Tampa. Second, the amended supplemental final judgment does not allow one party to refuse to permit visitation or to refuse to transfer custody simply because the child is ill. In fact, the trial court held the Mother in contempt at this same hearing for refusing to return the child to the Father because she was too ill to fly. Accordingly, to the extent that the trial court found the Father in contempt for flying the child to Florida while she had an ear infection, the order must also be reversed.
Turning to the trial court’s orders purporting to “clarify” the amended supplemental final judgment and appointing a parenting facilitator, we must also reverse because entry of these orders violated the Father’s due process rights. “It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process.” Neumann v. Neumann, 857 So.2d 372, 373 (Fla. 1st DCA 2003). In that case, the husband had filed a motion for enforcement and contempt. In the order ruling on the motion for contempt, the trial court also amended the husband’s visitation schedule. In reversing, the First District noted that the only issue before the trial court was the husband’s motion for contempt and that neither the pleadings nor the notice of hearing mentioned the visitation schedule. *422 Id. Accordingly, the First District held that “by adjudicating an issue not presented by the pleadings, the trial court violated the Former Husband’s right to due process and abused its discretion.” Id.; see also Busch v. Busch, 762 So.2d 1010, 1011 (Fla. 2d DCA 2000) (holding that the trial court violated the wife’s due process rights when it modified child custody during a hearing on the husband’s motion to keep the wife out of the former marital home); Mizrahi v. Mizrahi, 867 So.2d 1211, 1213 (Fla. 3d DCA 2004) (holding that the trial court violated the father’s due process rights when it modified a provision of the final judgment after a hearing on the father’s motion for contempt). As the Fifth District has explained:
This order [finding contempt and transferring custody] followed a noticed hearing on appellee’s motion to hold appellant in contempt for allegedly disobeying the court’s order on visitation. No pleadings were filed requesting a change of custody nor was there any notice that any such change of custody would be heard or considered by the court. The trial court cannot modify a support order or other adjudicated right unless the court’s subject matter jurisdiction has been properly invoked by appropriate pleadings, and that invoked jurisdiction has been perfected by the proper service of process and due process notice and an opportunity to be heard on that issue has been had.
Schnicke v. Schnicke, 533 So.2d 337, 337-38 (Fla. 5th DCA 1988).
In this case, the only motions scheduled to be heard by the trial court were the Father’s motion for contempt and the Mother’s cross-motion for contempt. No pleadings had been filed requesting a modification of the amended supplemental final judgment. No pleadings had been filed requesting the appointment of a parenting facilitator. No notice was given that the trial court would consider any changes or “clarifications” to the amended supplemental final judgment or that the trial court would consider appointing a parenting facilitator at the hearing on the motions for contempt. The parties did not try the issue by consent. In fact, no mention was made of either possible change until the trial court orally announced its ruling, thus denying either party the opportunity to be heard on the propriety of these actions. In light of this, the Father’s due process rights were violated, and the trial court’s orders “clarifying” the amended supplemental final judgment and appointing a parent facilitator must be reversed.
Reversed.
DAVIS and WALLACE, JJ., Concur.

. The trial court also found the Mother in contempt for failing to return the child to the Father at the end of the visitation period. The Mother has not appealed the trial court's ruling on this issue, and we do not address any issues relating to that portion of the trial court's order.