PER CURIAM.
In this appeal from a proceeding to enforce an administrative support order, the Department of Revenue claims the circuit court erred in entering a superseding order prospectively eliminating appellee’s child support obligation in the absence of any pleadings requesting a superseding order on child support. We agree and reverse.
“It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process.” Neumann v. Neumann, 857 So.2d 372, 373 (Fla. 1st DCA 2003). The circuit court could not enter a superseding order prospectively eliminating appellee’s child support obligation where such an issue was not presented by the pleadings, noticed for hearing, or litigated by the parties. See State, Dep’t of Revenue ex rel. Arnold v. Collins, 727 So.2d 1099, 1100 (Fla. 2d DCA 1999); Moody v. Moody, 721 So.2d 731, 734 (Fla. 1st DCA 1998); Hammond v. Hammond, 492 So.2d 837, 838 (Fla. 5th DCA 1986); Lourcey v. Lourcey, 256 So.2d 25, 26 (Fla. 1st DCA 1971).
Although the circuit court found it inequitable to enforce the administrative support order based on a new child support determination, there is no authority for the circuit court to revisit child support calculations in an enforcement proceeding pursuant to section 409.2563(10)(b), Florida Statutes. Accordingly, we reverse the superseding order and remand the case for the entry of an order enforcing the administrative support order. This is without prejudice to appellee seeking administrative modification of the order pursuant to section 409.2563(12), Florida Statutes, or seeking a superseding order by filing a civil action in circuit court to determine parental support obligations pursuant to section 409.2563(2)(d), Florida Statutes.
REVERSED and REMANDED.
THOMAS, WETHERELL, and SWANSON, JJ., concur.