IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ZAMEENA ZEENAT BARSIS,

        Appellant,

 v.                                      Case No.  5D16-2768

EL HOUCINE BARSIS,

        Appellee.

_____/

Opinion filed February 3, 2017

Appeal from the Circuit Court
for Orange County,
Bob LeBlanc, Judge.

Andrew F. Nickolaou, of Bernal-Mora
& Nickolaou, Winter Park, for Appellant.

El Houcine Barsis, Orlando, pro se.

LAMBERT, J.

      Zameena Zeenat Barsis ("Former Wife") appeals a nonfinal "Order Regarding Custody and Support."  Concluding that this order was entered in violation of Former Wife's right to due process, we reverse.

      In July 2015, a final judgment was entered dissolving the marriage between Former Wife and El Houcine Barsis ("Former Husband").  The judgment ratified an agreed parenting plan submitted by the parties, which provided that they share the parental

responsibility for all major decisions involving their three minor children. The parties agreed to an equal division of timesharing with their children, with the exchange of the children taking place each Sunday. Former Husband was also ordered to pay Former Wife $367 per month in child support.

In March 2016, Former Husband filed a motion asking the trial court to designate a specific location where the parties would exchange their children for timesharing. Former Husband alleged that the parenting plan did not specify the location of the parties' exchange of their minor children, and due to a recent incident, he requested that the court enter an order directing that all future timesharing exchanges occur at the Family Ties, a facility that provides a monitored program for such exchanges. Former Husband set his motion for hearing, providing proper notice to Former Wife.

For reasons irrelevant to the resolution of this appeal, Former Wife failed to attend this hearing. The trial court thereafter entered the order on appeal, in which the court, upon its own motion, awarded Former Husband sole timesharing of the parties' children and limited Former Wife's contact with the children to "as allowed" by Former Husband. The court also abated Former Husband's monthly child support obligation. Following the trial court's denial of Former Wife's motion for rehearing, this appeal ensued.

Former Wife argues that the trial court's order violated her due process rights by significantly modifying her timesharing with her children when the only matter scheduled to be addressed at the hearing was the location for the timesharing exchange. We agree. "It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process." *Golden v. Bass*, 194 So. 3d 1080, 1082 (Fla. 1st DCA 2016) (quoting *Neumann v. Neumann*, 857 So. 2d 372,

2

373 (Fla. 1st DCA 2003)). "A court violates due process when it 'modifies visitation, changes primary residence, or alters child support when the notice of hearing does not include this issue.'" *Id.* (quoting *Moody v. Moody*, 721 So. 2d 731, 734 (Fla. 1st DCA 1998)). Furthermore, no emergency was alleged by Former Husband in his motion necessitating the action taken by the trial court.

Accordingly, we reverse the order on appeal and remand this case to the trial court for further proceedings.

REVERSED and REMANDED.

TORPY and EDWARDS, JJ., concur.