454 So.2d 1070 (1984)
Nancy S. LEVITT, Appellant,
v.
Myles H. LEVITT, Appellee.
No. 84-606.
District Court of Appeal of Florida, Second District.
August 24, 1984.
*1071 Louis E. Stolba of Stolba & Lumley, P.A., St. Petersburg, for appellant.
N. David Korones, P.A., Clearwater, for appellee.
SCHOONOVER, Judge.
This is an interlocutory appeal from an order temporarily reducing child support payments previously awarded to the appellant, Nancy S. Rodin, formerly Levitt. We hold the trial court erred in entering an order temporarily reducing the appellee's child support obligation at a hearing on a motion for continuance. We, therefore, reverse.
On June 8, 1983, the trial court approved a joint stipulation entered into between the parties and ordered them to comply with its terms and conditions. The stipulation modified a final judgment of dissolution of marriage that had been rendered on September 25, 1980.
Shortly thereafter, the appellee, Myles H. Levitt, filed a supplemental petition for modification of the joint stipulation seeking to reduce the agreed-upon child support. A hearing on this petition was scheduled and rescheduled several times. On February 9, 1984, the appellant moved to continue the next scheduled hearing. Appellant's motion set forth the grounds for the continuance and was supplemented by two supporting affidavits. On the same day, appellant filed, and served upon the appellee's attorney, a notice of hearing. The notice informed appellee's attorney that the motion for continuance would be heard on February 27, 1984.
At the conclusion of the hearing on appellant's motion for continuance, the court granted the motion, but over appellant's objection, reduced appellee's obligation for child support for the period of the continuance. This appeal timely followed.
We find that the trial court violated appellant's due process rights by hearing and determining matters that were not the subject of appropriate notice. Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979). In Barreiro, the Third District Court of Appeal held that a court may not expand the scope of a hearing set only upon a particular motion. In that case, without prior notice, without appropriate pleadings, and over the objection of the husband, the trial judge expanded the scope of an emergency hearing. In reversing, the court stated it was plainly improper and clearly in violation of appellant's due process rights to hear and determine matters that were not the subject of appropriate pleadings or notice.
In the instant case, appropriate pleadings on the issue of reducing child support can be found in the record, but the notice of hearing indicates that only appellant's motion for continuance was to be considered at the hearing. Appellant was not prepared, nor was she required to be prepared, to argue against a reduction in child support. See Hardee County Commissioners v. Florida Department of Commerce, Division of Employment Security, 343 So.2d 842 (Fla. 2d DCA 1976) (due process requires that employers be afforded notice of issues to be heard in unemployment compensation proceedings in order to present facts and evidence bearing on the claimant's *1072 entitlement to benefits); Munroe Memorial Hospital v. Thompson, 388 So.2d 1338 (Fla. 1st DCA 1980) (employer lacked adequate notice regarding claim based on a knee injury where notice referred to effect of alleged back injury).
Appellee's reliance upon Sapp v. Warner, 105 Fla. 245, 481 (Fla. 1932) is misplaced. A court of equity has jurisdiction over the enforcement of its own order and may alter the method of enforcement of its order. The court may only exercise this jurisdiction, however, in appropriate proceedings. Sapp. Accordingly, the trial court erred in modifying the child support provisions of its previous order in the hearing on a motion for continuance.
We, therefore, reverse and remand for proceedings consistent herewith.
GRIMES, A.C.J., and SCHEB, J., concur.