562 So.2d 322 (1990)
RIDGEWOOD PROPERTIES, INC., Petitioner,
v.
DEPARTMENT OF COMMUNITY AFFAIRS, Respondent.
No. 74724.
Supreme Court of Florida.
March 29, 1990.
Rehearing Denied June 20, 1990.
Christopher C. Skambis of Foley & Lardner, Van Den Berg, Gay, Burke, Wilson & Arkin, Orlando, and Bill L. Bryant of Foley & Lardner, Tallahassee, for petitioner.
Diana M. Parker and David L. Jordan, Sr. Attys., Dept. of Community Affairs, Tallahassee, for respondent.
GRIMES, Justice.
Pursuant to article V, section 3(b)(4), Florida Constitution, we review Ridgewood Properties, Inc. v. Department of Community Affairs, 548 So.2d 1165, 1166 (Fla. 1st DCA 1989), in order to answer the following question that the district court certified as being of great public importance:
Is it a violation of a party's due process rights in an administrative hearing for the head of a department to appear as an expert witness when that same department head later enters the final order in the case?
This case arose when the Department of Community Affairs (the Department) notified Ridgewood Properties, Inc. (Ridgewood) that Ridgewood's office park development in Maitland, Florida, required approval as a development of regional impact (DRI). Ridgewood sought an administrative hearing, at which it argued that it was exempt from DRI review because the development rights in the land had vested prior to passage of the DRI statute.[1] *323 Ridgewood further argued that the Department's unwritten policy was consistent with this interpretation of the law.[2]
At the hearing, the Department called only one witness, its secretary, Thomas Pelham. Over objection, he was qualified as an expert witness on three subjects: the Department's policies as regards vested rights, chapter 380, Florida Statutes, and land use planning. Secretary Pelham testified that the Department's policy was that rezoning was not sufficient to vest development rights under section 380.06(12), Florida Statutes (1973). Ridgewood offered the testimony of several former employees of the Department, including the first agency head to enforce the DRI statute, who maintained that the Department's policy from 1973 to 1979 was that rezoning could be sufficient to constitute approval to commence development.
On the vested rights issue, the hearing officer ruled that the Department's policy had not been to consider rezoning an authorization to commence development. The hearing officer found that all but one parcel in Maitland Center was a DRI and that development rights had not vested.
The Department reviewed the hearing officer's proposed order and, over Secretary Pelham's signature, issued a final order. The hearing officer's findings of fact and conclusions of law were adopted except for the finding that one parcel was not a DRI. Thus, under the final order all of Maitland Center was considered a DRI and development could not proceed until DRI review was completed.
Ridgewood sought review in the district court of appeal, which found no error in the final order. However, as indicated in the certified question, the court expressed some concern about Secretary Pelham's dual roles as expert witness and final arbiter.
We note initially that the administrative context does not and need not match the judicial model, and administrative proceedings need not contain all the formalities of judicial proceedings. Hadley v. Department of Administration, 411 So.2d 184 (Fla. 1982). Further, it is true that agencies do sometimes have dual roles in administrative proceedings; the agency that brought a complaint reviews and may change the findings of a neutral hearing officer if they are not supported by competent, substantial evidence or are legally incorrect. § 120.57(1)(b)(10), Fla. Stat. (1987). This Court has held that combining the fact-seeking and judicial functions in the same office does not automatically violate due process. State v. Johnson, 345 So.2d 1069 (Fla. 1977).
It is clear, however, that Secretary Pelham was heavily involved in this case. Pelham signed the notice of violation. Pelham was in charge of the attorneys prosecuting the alleged violation. Pelham was the Department's only witness in its case in chief. Pelham reviewed the hearing officer's findings. Pelham issued the final order. Thus, Pelham was prosecutor, witness, and ultimate judge of the facts and law.
Most significantly, in this final role Secretary Pelham necessarily passed upon his own evidence. To approve the hearing officer's findings of fact and conclusions of law, he had to conclude that his own testimony was competent and substantial. Even with the best of intentions, this can hardly be characterized as an unbiased, critical review.[3] "An impartial decisionmaker is a basic constituent of minimum due process." Megill v. Board of Regents, *324 541 F.2d 1073, 1079 (5th Cir.1976). Therefore, we hold Ridgewood's rights were violated under the due process clauses of our state and federal constitutions. See Ward v. Village of Monroeville, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972) (due process violation occurred when mayor acted as a judge in cases involving city ordinance violations and traffic offenses).
We further conclude that the due process violation was serious enough to warrant quashing the order. Had Secretary Pelham's testimony been uncontroverted or even given without objection, the violation might have been harmless. However, the testimony was disputed, Ridgewood did object, and the testimony was on the pivotal issue concerning the Department's policy with respect to what constituted an authorization to commence development. While we do not pass upon the merits of Ridgewood's claim, the evidence introduced to support it was evidence that the ultimate arbiter, Secretary Pelham, already had a predisposition to reject.
We do not say that an agency head cannot testify in an administrative hearing or even that one could not testify to a technical matter and still sign the final order. We do hold, however, that when an agency head does testify to a material fact in an administrative hearing, review of the hearing officer's proposed order should be undertaken by a neutral, disinterested third party.[4]
In contemplating the possibility of such conflict of interest situations, section 120.71, Florida Statutes (1987), provides, in pertinent part:
[A]ny individual serving alone or with others as an agency head may be disqualified from serving in an agency proceeding for bias, prejudice, or interest when any party to the agency proceeding shows just cause by a suggestion filed within a reasonable period of time prior to the agency proceeding.[[5]] If the disqualified individual holds his position by appointment, the appointing power may appoint a substitute to serve in the matter from which the individual is disqualified. If the disqualified individual is an elected official, the Governor may appoint a substitute to serve in the matter from which the individual is disqualified.
Because the Secretary of the Department of Community Affairs is appointed by the governor, the governor is the proper person to appoint a substitute who is not employed by the Department.
Accordingly, we answer the certified question in the affirmative. It is a violation of a party's due process rights in an administrative hearing for the department head to testify on a material, disputed issue and then review the hearing officer's findings of fact and conclusions of law when issuing an order. If it becomes necessary for an agency head to testify, a substitute should be appointed from outside the department pursuant to section 120.71 to review the hearing officer's proposed order. We quash the opinion below and remand this case for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[1] In more detail, the argument runs as follows:

Section 380.06(12), Florida Statutes (1973), creates an exemption from DRI review for land on which an authorization to begin development had been obtained and the developer has changed position after relying on that authorization. The parties stipulated to reliance and change of position, so the sole issue was whether development had been authorized. Ridgewood's argument was that development rights vested when the tract was purchased upon the agreement of the city to annex the tract and to rezone it for the prospective use. The tract was annexed, rezoned, and purchased during 1971 and 1972. Section 380.06, Florida Statutes, which governs developments of regional impact, took effect in 1973.
[2] The Department had not promulgated a rule on this topic, but its policy could be inferred from letters of intent to other developers.
[3] This may be analogized to a situation in which the judge appoints a special master, testifies at the master's hearing, and then reviews the master's report.
[4] We decline the Department's suggestion that we simply authorize another employee of the Department to review the order.
[5] We also reject the argument first raised by the Department in this Court that Ridgewood is precluded from making its due process argument because it did not move to disqualify Pelham before the hearing.