563 So.2d 167 (1990)
Antonio CARDET, Appellant,
v.
RESOLUTION TRUST CORP., As Conservator of General Federal Savings & Loan Association, Etc., Appellee.
No. 88-1795.
District Court of Appeal of Florida, Third District.
June 12, 1990.
*168 Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellant.
Kimbrell & Hamann, Miami, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
COPE, Judge.
Antonio Cardet appeals an order denying a motion to vacate a default judgment entered against him. We reverse.
Cardet and appellee General Federal Savings & Loan Association were defendants in a mortgage foreclosure action filed by Flagler Federal Savings & Loan Association. Cardet and General both appeared and actively defended. In mid-1987 General cross-claimed against Cardet and Cardet did not respond.
In March, 1988 General served an amended cross-claim against Cardet and also moved for appointment of a receiver. Cardet appeared at the hearing and unsuccessfully opposed the appointment of the receiver.
On March 30, 1988 General moved for entry of a default against Cardet under Rule 1.500(b), Florida Rules of Civil Procedure, alleging that Cardet had failed to respond to the amended cross-claim. The motion was accompanied by a notice of hearing for April 12, 1988. However, on April 4 General sent a notice cancelling the hearing. On April 14 General appeared ex parte before the court and obtained an order of default against Cardet. This was followed on May 28 by an ex parte default judgment. When Cardet learned of the default judgment, he promptly moved to vacate. The motion was denied and Cardet appeals.
As a preliminary matter, it bears repeating that:
The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.
Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9, 11 (1942). Likewise, "[t]he purpose of the rule is to speed the action toward conclusion on the merits where possible, not to expedite litigation by ex parte actions and surprise." Gulf Maintenance & Supply, Inc. v. Barnett Bank, 543 So.2d 813, 816 (Fla. 1st DCA 1989) (citation omitted). Further, "[r]easonable doubts are resolved in favor of granting the application and permitting trial upon the merits." Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611, 612 (Fla. 3d DCA 1985).
General urges us to extend the rule announced in Picchi v. Barnett Bank, 521 So.2d 1090 (Fla. 1988), to the cross-claim at issue here. In Picchi the defendant filed a notice of appearance, but did not file a timely responsive pleading, within twenty days after service of the summons and complaint. The supreme court held that in such circumstances, the plaintiff was obliged to give notice of the motion, but not notice of the hearing thereon.
General argues that the Picchi rule should be expanded to apply to the cross-claim at issue here. We disagree. Once a litigant has appeared and is actively defending the main claim, he or she is entitled to notice of all hearings, including hearings on a motion for default, whether on the main claim or a cross-claim. It would create an intolerable situation, and potential for much mischief, to allow ex parte hearings on motions for default where the non-moving party has appeared and is defending other phases of the same suit.[1]
*169 General argues, however, that Picchi must be extended in order to enforce compliance with the time deadlines for responsive pleadings. We disagree. It is true, of course, that the burden is on a party who needs an extension of time to obtain one by consent or by filing a timely and appropriate motion. It is a breach of the rules, and discourteous, to wait for the opposition to move for default (or await the setting of the motion for default for hearing), before filing a responsive pleading. Where such dilatory behavior has occurred, it is entirely appropriate for the trial court to impose sanctions on counsel or the party, as the circumstances require. That should be done, however, by motion for sanctions and hearing at which time the allegedly dilatory party can offer a defense. We conclude that Picchi should be confined to the situation there specifically discussed, and decline to extend it to cover the situation now before us.[2]
For a second, independent reason, Cardet is entitled to relief. In the present case General originally gave notice of the hearing on the motion for default, but then withdrew the notice and proceeded ex parte. Cardet correctly contends that, having received notice of the hearing, and then the notice of the cancellation, he was entitled to rely on the reasonable expectation that he would be given notice when a new hearing was scheduled.
As the default and default judgment were erroneously entered in the first instance, the motion to vacate should have been granted. Herrera v. Garcia, 559 So.2d 83 n. 1 (Fla. 3d DCA 1990); Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611, 612 (Fla. 3d DCA 1985);[3]Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734, 735 n. 3 (Fla. 3d DCA 1980); Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744, 745 (Fla. 4th DCA 1974). See generally, H. Trawick, § 25-3 at 352 & n. 6.
We therefore reverse and remand with instructions to set aside the default and default judgment, and for further proceedings consistent herewith.
NOTES
[1] If a default is entered after notice, then Rule 1.080(a), Florida Rules of Civil Procedure, controls.
[2] In Gulf Maintenance & Supply, Inc. v. Barnett Bank, the first district stated:

The entry of default is appropriate where a defendant does not intend to appear and defend the merits of the action or engages in dilatory practices in bad faith solely for purposes of hindrance and delay. On the other hand, default is not appropriate in cases where the plaintiff knows that a defendant is represented by counsel who intends to assert matters in defense of the cause of action. The default rule has been liberally construed in Florida to allow trial upon the merits where all parties appear rather than to encourage resolution of legal disputes by default... .
... .
... A default is a procedural matter within the control of the attorney, so plaintiff's counsel should contact the attorney known to be representing a defendant to determine whether the latter intends to proceed in the matter before causing a default to be entered. See H. Trawick, § 25-3.3
3 Trawick's treatise states at that section:
... [The attorney] can and should vacate defaults by consent unless other factors are present, such as dilatory tactics by the defaulting party or other conduct by the defaulting party that constitutes oppression or harassment.
We agree with Mr. Trawick's view... .
543 So.2d at 816 & n. 3.
[3] Although we cite Reicheinbach here for the remedy to be granted once it is determined that a default was improperly entered without notice, we also disagree with General's assertion that Picchi overruled sub silentio Reicheinbach's treatment of the default rule where there has been a letter confirming an extension of time. Picchi did not deal with the situation presented in Reicheinbach. Indeed, the first district's post-Picchi decision in Gulf Maintenance, 543 So.2d at 817, expressly followed Reicheinbach.