ALLEN, Judge.
The appellant challenges a dissolution order which indicated that he was not the biological father of the pregnant appellee’s yet-to-be born child. In light of the due process concerns which are impacted by the circumstances of this case, we conclude that the determination of paternity was premature.
This action was initiated when the incarcerated appellant petitioned for dissolution. The appellee counterpetitioned, averring that she was pregnant but alleging that the appellant was not the father of the yet-to-be bom child. The appellant responded that he could possibly be the child’s father, and requested a determination of paternity. The court scheduled a hearing “for Dissolution of Marriage only.” The appellant sent the court letters again referring to the question of paternity, and the court advised the appellant that it was construing the correspondence as a motion for a human leukocyte antigen (HLA) blood test to determine paternity.
Without further notice to the appellant, the court held a hearing which was not attended by the appellant, but which was attended by the appellee, her counsel, and her supporting witness. Based on the testimony which the appellee presented, the court found that the parties did not have intercourse during the pertinent period of time for conception. Determining that there was no reason to delay the proceeding, the court entered an order dissolving the parties’ marriage and reciting that the appellant was not the biological father of the pregnant appellee’s yet-to-be born child.
Although it was not necessary for the court to postpone the hearing or adjudication on the issue of dissolution, this was the only matter noticed for the hearing, and the court should not have proceeded to resolve the issue of paternity. Furthermore, it does not appear that the court required the requested HLA test as directed by section 742.12(1), Florida Statutes. We conclude that in the circumstances presented, it would offend the essential requirements of due process to allow a *619 paternity determination to be predicated upon the ex parte hearing which was conducted without any notice as to the issue of paternity.
The appealed order is reversed insofar as it addresses the issue of paternity. The order is otherwise affirmed, and the cause is remanded.
BOOTH and SMITH, JJ„ concur.