653 So.2d 1138 (1995)
Richard HULLY, Appellant,
v.
Joan Beatrice HULLY, Appellee.
No. 94-00859.
District Court of Appeal of Florida, Second District.
April 28, 1995.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
Peter J. Krotec of Syprett, Meshad, Resnick & Lieb, Sarasota, for appellee.
SCHOONOVER, Judge.
The appellant, Richard Hully (the husband), challenges an order which denied his motion to set aside a default which was entered against him and the final judgment of dissolution of marriage entered pursuant to that default. We agree that the trial court erred by denying the husband's motion and, accordingly, reverse.
The parties were married in 1966 and resided together in the state of Massachusetts until they separated in 1992. Upon their separation, the appellee, Joan Beatrice Hully (the wife), moved to the parties' condominium in Sarasota, Florida, and the husband remained in Massachusetts. Approximately one year later the wife filed a petition for dissolution of marriage in Florida and served it upon the husband in the state of Massachusetts. After settlement negotiations broke down and the husband had not filed an answer or other pleading, the wife filed a motion for default. Before that motion was set for hearing, the husband filed a special appearance in Florida contesting the trial court's jurisdiction over him. The wife's motion for default was then set for hearing on two different occasions, however, both of the *1139 hearings were cancelled and the parties entered into a stipulation agreeing to mediate. The subsequent mediation resulted in an agreement which was subject to approval by the husband's Massachusetts attorney who was to review the agreement by October 1, 1993.
The husband's Massachusetts attorney questioned the valuation of the property involved in the settlement and requested an appraisal. The husband's Florida attorney, evidently assuming the action would still be settled, requested and received a final hearing date. The order setting the action for final hearing stated that the hearing was set for five minutes on October 20, 1993, and it declared that there would be no continuances. Neither attorney requested time to be heard on any other pending motion. Although the order setting the matter for final hearing declared that there would be no continuances, the husband's Florida attorney informed the husband that it was not necessary for him to travel to Florida for the hearing. The husband was informed that the action would either be settled by that time or the attorneys would receive a short continuance.
At the final hearing, the husband's attorney informed the trial court that the parties were going to reach a settlement and that only a few items remained to be worked out. He then asked the court for a short continuance. The wife objected and asked the court to consider the motion for default even though it had not been set for hearing. The court then gave the husband's attorney the option of proceeding or having the default entered. Neither option was acceptable to the husband's attorney, and he, accordingly, would not agree to entering a general appearance or to taking any other action in the matter. The court then granted the wife's motion for default, received testimony for several hours, and entered a final judgment which dissolved the parties' marriage, distributed property, and awarded alimony to the wife.
The husband subsequently filed an answer, affirmative defenses, and a counter-petition. He also filed a motion for rehearing and a motion to set aside the default and judgment pursuant to Florida Rule of Civil Procedure 1.540. The trial court refused to grant the husband any relief and he filed a timely notice of appeal from the order denying his motions.
We first note that the record does not indicate why the action was set for a final hearing by the husband's Florida attorney who was at the time also contesting the court's exercise of jurisdiction over his client and when the action was not yet at issue. Fla.R.Civ.P. 1.440. We assume that if the parties had reached a settlement as the attorney contemplated when the hearing was set, the record would have been properly completed. Because of our disposition of this appeal, however, it is not necessary to consider the effect of setting a case in this procedural posture for final hearing. We instead turn to the husband's contention concerning the default entered against him.
The husband admits that he was in technical default because he did not file an answer or other pleading before the motion for default was filed. He contends, however, that the motion for default was improperly granted and that even if it had been properly granted the judgment entered upon the default should have been set aside because excusable neglect pursuant to rule 1.540(b) was established. The wife, on the other hand, contends that the default was properly entered and that the trial court correctly refused to set it aside.
In a dissolution of marriage action, we have held that in order to set aside a default on the basis of excusable neglect, in addition to establishing excusable neglect, a party must also show a meritorious defense and the exercise of due diligence. Goodwin v. Goodwin, 559 So.2d 109 (Fla. 2d DCA 1990). In this case, it is not necessary to determine whether the husband presented sufficient evidence of those requirements in order to require the trial court to set aside the default and subsequent final judgment on the basis of excusable neglect. However, if we were deciding that particular issue we would hold that the default should have been set aside on the grounds of excusable neglect.
We do hold that the husband's procedural due process rights were violated when *1140 he was forced to either proceed to a final hearing or have a default entered against him. The trial court had stated in its order setting the matter for a final hearing that the matter would not be continued, and we understand the court's need to be able to enforce its own order. A court, however, may only enforce or alter the method of enforcement of its own order in appropriate proceedings, and the proceedings in the instant case were not appropriate. Levitt v. Levitt, 454 So.2d 1070 (Fla. 2d DCA 1984).
One of the purposes of a default is to help speed up an action and thereby prevent a dilatory or procrastinating defendant from impeding a plaintiff in the establishment of his claim. It is not a procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant. See Cardet v. Resolution Trust Corp., 563 So.2d 167 (Fla. 3d DCA 1990). Furthermore, the default procedure is not intended to discourage settlement discussions before an answer is filed, nor is it intended to allow a plaintiff to take undue advantage of a defendant who engages in settlement efforts. Gulf Maintenance & Supply, Inc. v. Barnett Bank, 543 So.2d 813 (Fla. 1st DCA 1989).
The husband and wife in the instant case entered into settlement negotiations after the wife filed her petition for dissolution of marriage. Because of those negotiations and the letters that were exchanged between the parties' counsel, the wife's attorney properly served a copy of the wife's motion for default upon the husband. Gulf Maintenance & Supply, Inc., 543 So.2d at 816.
The husband was also given notice of a hearing on the motion for default on two occasions. However, those hearings were cancelled, and the husband was not given notice that the court would consider the motion for default when he went to court pursuant to a notice, or order, of final hearing. The husband's due process rights were violated when the court heard and determined matters that were not the subject of appropriate notice. The husband was not prepared, nor was he required to be prepared, to argue against the default. Levitt, 454 So.2d at 1071. See also Middleton v. Middleton, 603 So.2d 618 (Fla. 1st DCA 1992), appeal after remand, 623 So.2d 851 (Fla. 1st DCA 1993); Devaney v. Solitron Devices, Inc., 564 So.2d 1229 (Fla. 4th DCA 1990); Cardet; Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979). Additionally, once the wife withdrew her notices of hearing on her motion for default, the husband was entitled to rely on the reasonable expectation that he would be given notice when a new hearing was scheduled. Cardet, 563 So.2d at 169. According to the United States Supreme Court, the meaning of procedural due process is clear: "Parties whose rights are to be affected are to be heard; and in order that they may enjoy that right they must first be notified." Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 569 (1972).
Since the default and default judgment were erroneously entered in the first instance, the motion to vacate should have been granted. Cardet, 563 So.2d at 169.
We, accordingly, reverse and remand with instructions to set aside the default and default judgment and for further proceedings consistent herewith.
RYDER, A.C.J., and QUINCE, J., concur.