PER CURIAM.
CNH Construction, Inc., appeals an order denying its motion to set aside a default and default judgment. We reverse.
Assuming for present purposes that the default was properly entered against the appellant corporation, the default order should have been served on all defendants, including the defaulted corporation. The default order shows no facial indication that it was served on anyone, and defendant’s affidavit of non-receipt is unrebutted. Similarly, the file contains no motion or equivalent request for entry of final judgment, which was essentially obtained by the plaintiff ex parte. The non-defaulted defendants, who are the three directors of the corporation, were entitled to notice of the proceedings. See Fla.R.Civ.P. 1.080(a); Cardet v. Resolution Trust Corp., 563 So.2d 167 (Fla. 3d DCA 1990). Had such notice been given, all parties would have been apprised of the true state of affairs.
The only basis for denial of the motion to set aside the default and default judgment was that the trial court did not feel that the corporation had moved with sufficient diligence. Since the defendants had not been given prompt and proper notice of the actual situation, we do not think that the trial court ruling can be sustained. Accordingly, we reverse the order under review and remand with directions to set aside the default and default judgment.
Reversed and remanded.