942 So.2d 1047 (2006)
HOLLAND ELECTRONICS LLC, Appellant,
v.
VITAL SYSTEMS ELECTRONICS, INC., Appellee.
No. 2D06-2030.
District Court of Appeal of Florida, Second District.
December 8, 2006.
*1048 Jason D. Barlow of Marcadis & Associates, P.A., Tampa, for Appellant.
John H. Pelzer and Brigid F. Cech of Ruden, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, for Appellee.
NORTHCUTT, Judge.
After a default final judgment was entered in favor of Holland Electronics, Vital Systems Electronics, Inc., convinced the circuit court to vacate the earlier clerk's default. It then used that order to have the final judgment vacated. We reverse.
Holland served Vital Systems with a two-count complaint alleging claims for account stated and open account. After Vital Systems failed to file an answer for nearly four months, Holland obtained a clerk's default. The circuit court entered a final default judgment in Holland's favor several days later.
On the day the final judgment was entered, Vital Systems served a motion to vacate the clerk's default under Florida Rule of Civil Procedure 1.500(d). As grounds for relief, Vital Systems asserted excusable neglect based on its financial inability to retain counsel, diligence in seeking to have the default vacated, and a meritorious defense. Vital Systems also alleged that there were ongoing negotiations between the parties to resolve the dispute. The circuit court set aside the default, finding that Vital Systems had not been grossly negligent and that it had a meritorious defense.
Vital Systems later moved for relief from the final judgment under Florida Rule of Civil Procedure 1.540(b)(4), contending that the judgment was void because it was based on a default that had been set aside. On this basis alone, the circuit court entered an order vacating the judgment.
In this case the dog has been wagged by the tail. The final judgment was not voided by the subsequent order vacating the clerk's default; it was the other way around. Upon rendition of the final judgment, the circuit court lost jurisdiction over the case except to enforce the judgment and except as provided by Florida Rule of Civil Procedure 1.540. Baker v. Baker, 920 So.2d 689, 691 (Fla. 2d DCA 2006). The earlier clerk's default was an interlocutory order that merged into the final judgment. See Barnett v. Barnett, 718 So.2d 302 (Fla. 2d DCA 1998). Rule 1.500(d) would have permitted the court to set aside the default only if it had first set aside the final judgment, thus causing the *1049 interlocutory order to "spring back" into existence. Barnett, 718 So.2d at 303-04. Having failed to first set aside the judgment, the court lacked jurisdiction to set aside the default. Therefore, the order setting aside the default was void, and, as such, had no bearing on the validity of the judgment.
Moreover, Vital Systems failed to establish excusable neglect in the first instance. A defendant's failure to retain counsel is not excusable neglect. Goldome v. Davis, 567 So.2d 909, 910 (Fla. 2d DCA 1990). Vital Systems argues on appeal that it is improper for one party to take advantage of settlement negotiations to lull another party into a default. We do not disagree with the proposition of law. See Hully v. Hully, 653 So.2d 1138, 1140 (Fla. 2d DCA 1995) ("[T]he default procedure is not intended to discourage settlement discussions before an answer is filed, nor is it intended to allow a plaintiff to take undue advantage of a defendant who engages in settlement efforts."). But the record contains no allegation, much less proof, that this occurred in the present case. See Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004) (noting requirement for sworn proof to establish excusable neglect). Although Vital Systems alleged that it had engaged in settlement discussions with Holland, it never asserted that Holland misled it into thinking that responsive pleadings were not necessary, and it never offered sworn proof to establish excusable neglect. Accordingly, we reverse the order setting aside the final judgment.
Reversed.
WHATLEY and SILBERMAN, JJ., Concur.