988 So.2d 1148 (2008)
VERIZON BUSINESS NETWORK SERVICES, INC., on behalf of MCI COMMUNICATIONS, INC., d/b/a Verizon Business Services, Appellant,
v.
DEPARTMENT OF CORRECTIONS and Securus Technologies, Inc., and Public Communications Services, Inc., Appellees.
Global-Tel Link Corporation, Appellant,
v.
Department of Corrections and Securus Technologies, Inc., and Public Communications Services, Inc., Appellees.
Nos. 1D07-4603, 1D07-4604.
District Court of Appeal of Florida, First District.
August 4, 2008.
*1149 Gary V. Perko and Wesley S. Haber of Hopping Green & Sams, P.A., Tallahassee, for Appellant Verizon Business Network Services, Inc., on behalf of MCI Communications, Inc., d/b/a Verizon Business Services; John A. Tucker of Foley & Lardner, LLP, Jacksonville; and Robert H. Hosay and Christopher M. Kise, Tallahassee, for Appellant Global-Tel Link Corporation.
W. Robert Vezina, III, and Eduardo S. Lombard of Vezina, Lawrence & Piscitelli, P.A., Tallahassee, for Appellee Securus Technologies, Inc.; Karen Armstrong, Assistant General Counsel, and Susan P. Stephens, Assistant General Counsel, Tallahassee, for Appellee Department of Corrections; Cynthia S. Tunnicliff and Brian A. Newman of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellee.
LEWIS, J.
Appellants, Verizon Business Network Services, Inc. ("Verizon") and Global-Tel Link Corporation ("GTL"), challenge the Department of Corrections' final order that upheld the award of a public contract to Securus Technologies, Inc. ("Securus") and denied their bid protest petitions. Appellants argue that the Secretary of the Department violated their rights to procedural due process when he entered the final order. Specifically, they contend that the Secretary had a conflict of interest because he made the initial decision to award the contract to Securus and later provided material testimony in the bid protest proceedings before an administrative law judge ("ALJ"). In addition to their procedural due process arguments, Appellants challenge the order on its merits. We agree that the Secretary committed a procedural due process violation in entering the final order under such circumstances. Accordingly, we reverse the final order and remand the case for appointment of a neutral, disinterested third party to review the ALJ's recommended order and enter an amended final order. Because the final order entered by the Secretary is fundamentally flawed, it would be premature to reach the remaining issues on appeal, and we decline to do so.
*1150 In 2006, the Secretary invoked Florida's competitive bidding process for public entities to negotiate a contract for the provision of inmate telephone services throughout the State of Florida. The Secretary was dissatisfied with the Department's previous contract, which was nearing its end at the time, as he found it to be "particularly unfair" to the friends and families of inmates. As a result, the Department issued an invitation to negotiate ("ITN"), pursuant to section 287.057(3), Florida Statutes (2006), seeking responses from qualified vendors. The ITN, along with a subsequent document entitled Request for Best and Final Offers ("RBAFO"), explained the process the Department would employ to review and evaluate the responses to the ITN and RBAFO. As these documents explained, the Secretary was the person responsible for making the final contract award.
After the Department posted a Notice of Intent to Award to Securus, Appellants filed formal protest petitions, alleging that the Department had failed to adhere to the process outlined in the ITN and RBAFO and had neglected some of the statutory requirements governing the competitive bidding process. Some of these allegations concerned actions taken directly by the Secretary, and all of the allegations related to the Secretary's actions in some way, as he was the person who ultimately decided which vendor would be awarded the contract. In preparation for an administrative hearing on the matter, GTL determined it was necessary to depose the Secretary. Because the Department refused to produce the Secretary for deposition, GTL filed a motion to compel the deposition, which was granted.
One of the Department's arguments against the motion to compel was that it would be improper for the Secretary to testify because, as the agency head, he would be entering the final order. Although Appellants never affirmatively requested that the Department appoint a neutral third party to enter the final order, GTL did argue that such an action would cure the Department's concerns. In a hearing on the motion, the Department conceded that such an action could be taken, although it insisted that appointing someone else to enter the order would not be in the best interests of the Department. Appellants did not argue that it would be a violation of their due process rights for the Secretary to enter the final order after providing deposition testimony.
GTL's motion to compel was granted, and the Secretary's deposition was entered into evidence at the administrative hearing. After the hearing, the ALJ issued a recommended order, advising the Department to dismiss the protest petitions. To support some of his factual findings, the ALJ referred to the Secretary's testimony. The Secretary adopted the recommended order with a few amendments, granting three of the four exceptions the Department filed to the recommended order. He denied each of the exceptions filed by Appellants. In several areas of the final order, the Secretary referred to and quoted his own testimony to explain why he was denying Appellants' exceptions and granting some of the Department's exceptions. In doing so, the Secretary relied on his own testimony to an even greater extent than the ALJ did.
Appellants argue that they were denied the right to have their case considered by an impartial tribunal. Ordinarily, an issue will not be considered on appeal unless the precise legal argument forwarded in the appellate court was presented to the lower tribunal. See, e.g., Cox v. State, 975 So.2d 1163, 1169 (Fla. 1st DCA 2008); Rosenzweig v. Dep't of Transp., 979 So.2d 1050, 1056 (Fla. 1st DCA 2008). However, *1151 the right of every litigant to appear before an impartial tribunal is a fundamental tenet of the constitutional guarantee of due process. Sparks v. State, 740 So.2d 33, 36 (Fla. 1st DCA 1999). A denial of due process, if proven, constitutes fundamental error, which may be challenged for the first time on appeal. See id. at 35; Alamo Rent-A-Car v. Phillips, 613 So.2d 56, 58 (Fla. 1st DCA 1992). Accordingly, we consider the merits of Appellants' claim, despite the fact that their due process arguments do not appear in the record before us.
As to the merits of the claim, the Florida Supreme Court's opinion in Ridgewood Properties, Inc. v. Department of Community Affairs, 562 So.2d 322 (Fla. 1990), is controlling. The Ridgewood court held that when an agency head testifies to a material fact in an administrative hearing, review of the hearing officer's recommended order should be undertaken by a neutral, disinterested third party. Id. at 324. We do not find Ridgewood to be distinguishable in any material respects.[1] Like the Secretary in Ridgewood, the Secretary in the instant case was "heavily involved" in the actions that gave rise to the administrative hearing, gave material testimony, and, in his final role, "necessarily passed upon his own evidence." See id. at 323. In reaching its holding, the Ridgewood court stated that "[a]n impartial decisionmaker is a basic constituent of minimum due process." Id. at 323. Due process demands an impartial decisionmaker regardless of whether the decision is being made by a fact-finder or a reviewing body.[2]See id.
The constitutional guarantee of due process requires that judicial decisions be reached by a means that "preserves both the appearance and reality of fairness." Sparks, 740 So.2d at 36. While the fact-seeking and judicial functions of administrative bodies often overlap without a violation of due process, such a violation is threatened when it becomes clear, based on the unique facts of a particular case, that the agency head cannot carry out his or her judicial function impartially. See Ridgewood, 562 So.2d at 323-24. When the facts indicate that the agency head is predisposed toward a certain outcome from administrative proceedings, the agency head must defer to a neutral third party from outside the agency to conduct the final review of the ALJ's recommended order. Id. at 325. Failure to do so is a denial of due process. Id.
In this case, the Secretary was called upon to approve or disapprove of his own decision to award the contract to Securus and to pass upon his own testimony in the process. He was not impartial. Therefore, we REVERSE the Department's final order and REMAND the case for further proceedings consistent with this opinion.
WEBSTER, J., concurs; BARFIELD, J., concurs in results only.
*1152 BARFIELD, J. concurs with result.
I concur with the result of the majority opinion, but I see no reason why the agency head cannot act on remand as the agency head has changed since this case has been under review.
NOTES
[1] Securus and the Department contend that the instant case is distinguishable from Ridgewood because in Ridgewood, the agency head testified over the appellants' objection, while here, Appellants themselves compelled the testimony of the agency head. We decline to hold that Appellants invited error in this case, as the Secretary's testimony was critical to an effective presentation of their claim. The key consideration in this case is not which party called the Secretary, but whether his involvement would undermine public confidence in his ability to render an impartial decision.
[2] The Department argues that the Secretary's final role was unproblematic because he was not called upon to reweigh the evidence. However, the Ridgewood court expressly addressed this position and concluded that when an agency head must decide whether his or her own testimony is competent and substantial, "even with the best of intentions, this can hardly be characterized as an unbiased, critical review." Id.