MORRIS, Judge.
 

 In May 2006, Patti Withers, a foreign language teacher at Pasco High School, attempted to end her own life while on the school campus at the end of the school day. As a result of this incident, the commissioner of education brought an administrative complaint seeking sanctions against Withers’ teaching certificate; the commissioner alleged that the incident was witnessed by students and other faculty members. Withers denied the allegations and requested a formal hearing before an administrative law judge (ALJ). At the hearing in January 2009, the ALJ determined that while there was sufficient evidence to prove that the incident occurred on campus, there was insufficient evidence to prove that it occurred in the presence of students and faculty. The ALJ recom
 
 *400
 
 mended that Withers be found guilty of misconduct, receive a letter of reprimand, and be placed on probation for two years. Although the Pasco County superintendent of schools requested that Withers also be subject to participation in the Recovery Network Program (RNP), the ALJ rejected that request. No written exceptions to the ALJ’s proposed order were filed, and the recommended order was submitted to the Education Practices Commission (EPC) for consideration.
 

 At the final hearing before the EPC, the commissioner requested that the ALJ’s recommended order be clarified to include the requirement that Withers participate in the RNP. Although Withers pointed out that participation in the RNP was not contained in the recommended order, she did not argue that the EPC was prohibited from including that condition due to the commissioner’s failure to file written exceptions to the recommended order within fifteen days, as required by section 120.57(l)(k), Florida Statutes (2008).
 

 In July 2009, the EPC issued its final order, adopting the ALJ’s recommended order but also requiring that Withers “engage in counseling with a RNP-approved licensed Florida provider until discharged from that treatment.”
 

 In this appeal, we must decide whether the EPC erred by modifying the ALJ’s recommended order where the EPC failed to state its reasons for doing so with particularity. The parties conceded at oral argument, and we agree, that this case must be reversed and remanded to allow the EPC to review the complete record and to state the reasons for the modification with particularity in its written order, if the EPC again finds that a modification of the penalty is warranted. In reversing, we hold that the EPC’s failure to state the reasons for the modification in the written order under review constituted fundamental error.
 

 Analysis
 

 Our review is governed by section 120.68(7)(c), Florida Statutes (2009), which provides that a reviewing court may set aside agency action when it finds that the action is dependent on a material error in procedure.
 
 See also Big Bend Hospice, Inc. v. Agency for Health Care Admin.,
 
 904 So.2d 610, 611 (Fla. 1st DCA 2005). Guided by this standard, as well as by the concept of procedural due process, we conclude that the EPC’s order must be reversed.
 

 An administrative agency may increase or reduce a proposed penalty in a recommended order, but it may only do so where it “review[s] ... the complete record and [states] with particularity its reasons therefor in the order, by citing to the record in justifying the action.” § 120.57(1)((). The purpose of this statute “is to provide some assurance that the agency has gone through a thoughtful process of review and consideration before making a determination to change the recommended penalty.”
 
 Hutson v. Casey,
 
 484 So.2d 1284, 1285-86 (Fla. 1st DCA 1986).
 

 Here the transcript of the final hearing reveals that the EPC commissioners each affirmed that they had read the case, but they did not further elaborate. It is thus unclear whether they engaged in a review of the complete record. And while the EPC commissioners orally discussed some reasons why they believed Withers’ participation in RNP would be helpful, they not only failed to cite to the record, but they also failed to include any reasons in the written order.
 

 We have not overlooked the fact that at the final hearing before the EPC, Withers failed to specifically argue that the EPC was precluded from requiring her
 
 *401
 
 participation in the RNP due to the commissioner’s failure to file written exceptions to the recommended order. Ordinarily, this court would not consider an issue unless that precise legal argument was presented to the lower tribunal.
 
 See Rosenzweig v. Dep’t of Transp.,
 
 979 So.2d 1050,1056 (Fla. 1st DCA 2008). However, “[a] denial of due process, if proven, constitutes fundamental error, which may be challenged for the first time on appeal.”
 
 Verizon Bus. Network Servs., Inc. v. Dep’t of Corrs.,
 
 988 So.2d 1148, 1151 (Fla. 1st DCA 2008) (considering merits of appellant’s due process claim that it was denied the right to have the case considered by an impartial tribunal despite the fact that argument was not made below).
 

 The record in this case reveals that the EPC failed to abide by the procedural requirements of section 120.57(1)(Z) and, as a result, violated Withers’ procedural due process rights. We therefore reverse the EPC’s final order and remand this case to the EPC for the purpose of reviewing the complete record and entering an order which comports with the requirements of section 120.57(1)(Z).
 

 Reversed and remanded.
 

 KHOUZAM and CRENSHAW, JJ., Concur.