NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NATIONSTAR MORTGAGE, LLC,          )
                                   )
        Appellant,                 )
                                   )
v.                                 )          Case No. 2D16-1607
                                   )
RONALD and SUSAN WEILER;           )
380 SEA VIEW COURT #1909 LAND      )
TRUST; MIPC, LLC, a Florida        )
Limited Liability Company; APRIL J. )
DEHANAS; DAVID A. DEHANAS;         )
SOUTH SEAS NORTHWEST               )
CONDOMINIUM APARTMENTS of          )
MARCO ISLAND, INC.; and SOUTH      )
SEAS CLUB of MARCO ISLAND, INC.,   )
                                   )
        Appellees.                 )
_____)

Opinion filed May 26, 2017.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Collier
County; Daniel R. Monaco, Senior Judge.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of
Akerman LLP, Fort Lauderdale; and
Joseph S. Troendle of Akerman LLP,
Jacksonville, for Appellant.

Scott A. Beatty of Henderson, Franklin,
Starnes & Holt, P.A., Bonita Springs, for
Appellees, Ronald and Susan Weiler.

No appearance for remaining Appellees.

WALLACE, Judge.

Nationstar Mortgage, LLC (Nationstar), a third-party intervenor in a mortgage foreclosure action, appeals from the trial court's order denying its motion to vacate the certificate of title, certificate of sale, and final judgment of foreclosure. Because the trial court violated Nationstar's due process rights by hearing and determining matters that were not the subject of appropriate notice, we reverse and remand for further proceedings.

## I. THE FACTS

The issues in this appeal arose out of Nationstar's postjudgment intervention in a mortgage foreclosure action. In July 2014, MIPC, LLC (MIPC), filed the underlying foreclosure action against the original mortgagors and other interested parties. On December 4, 2014, the trial court entered a final judgment of foreclosure in favor of MIPC. The real property was subsequently sold at a foreclosure sale in January 2015 to Ted Hofferber, as Trustee of the 380 Seaview Court #1909 Trust (Hofferber Trustee). Over five months later in June 2015, Hofferber Trustee sold the property to Ronald and Susan Weiler (the Weilers).

On November 4, 2015, Nationstar filed a motion to intervene in MIPC's foreclosure action, as well as a motion to vacate the certificate of title, the certificate of sale, and the final judgment of foreclosure (motion to vacate). Nationstar argued that it was entitled to intervene because it was the holder of the original note, the first mortgagee, and an indispensable party to the proceedings. In its motion to vacate, Nationstar argued that the certificates of title and sale and the final judgment of

foreclosure should be vacated because MIPC never surrendered the original promissory note for filing in the court file.

On February 12, 2016, the trial court entered an order granting Nationstar's motion to intervene and scheduling Nationstar's motion to vacate for an evidentiary hearing. In its order, the trial court provided notice of the hearing by stating that Nationstar's motion to vacate was "scheduled for an evidentiary hearing on March 4, 2016." The order was served upon the Weilers, who were nonparties to the action.

At the hearing, Nationstar, MIPC, and the Weilers were all represented by counsel. Nationstar argued that the final judgment entered in favor of MIPC was void as a matter of law because MIPC never produced or surrendered the original note. Nationstar further asserted that it was the holder of the original note and had brought in a witness to testify to its chain of possession. Upon further inquiry, the trial court confirmed that the note was not in the court file. In response, MIPC's counsel stated that he "thought" that MIPC had filed the original note, but he was "apparently" mistaken. As a result, MIPC did not object to Nationstar's motion.

However, the Weilers objected to Nationstar's motion on two different grounds. First, the Weilers argued that section 48.23, Florida Statutes (2014) (the notice of lis pendens statute), discharged Nationstar's unrecorded interest and lien. Second, the Weilers argued that their title to the property was "unassailable" because they were bona fide purchasers of the property. In support of their second argument, counsel for the Weilers submitted an affidavit from Mr. Weiler for the trial court's consideration. The affidavit reflected that the Weilers had purchased the property from and had no previous relationship with Hofferber Trustee. The affidavit further reflected

- 3 -

that the Weilers had received no notice of either Nationstar's foreclosure claim before the sale or any defects regarding the foreclosure.

Nationstar objected on the ground that the Weilers could not introduce the affidavit into evidence or, for that matter, make any arguments at the hearing because of their status as nonparties to the litigation. However, the trial court overruled the objection, admitted the affidavit into evidence, and allowed the Weilers to make their arguments. Over a month later, on May 9, 2016, the trial court entered its order denying Nationstar's motion to vacate. Relying upon the court records, the trial court ruled that section 48.23 "forever barred" Nationstar's interest in the property. The trial court reasoned that Nationstar not only failed to timely intervene in MIPC's foreclosure action, but also failed to record its interest before MIPC filed its notice of lis pendens. The trial court ruled further that because Mr. Weiler's affidavit showed that the Weilers were bona fide purchasers of the property, the Weilers' title could not be defeated by a subsequent reversal or vacation of the foreclosure judgment.

## II. NATIONSTAR'S APPELLATE ARGUMENTS

On appeal, Nationstar raises four arguments. First, Nationstar argues that it was deprived of due process because the trial court improperly changed the scope of the hearing by allowing the Weilers to argue and present evidence without proper pleading or notice. Second, Nationstar asserts that the trial court lacked subject matter jurisdiction to adjudicate the rights of the Weilers, who were not parties to the action.[1]

---

[1]Specifically, Nationstar argues that the trial court lacked subject matter jurisdiction to adjudicate the Weilers' claims because they never became parties to the action and failed to invoke the court's jurisdiction by the filing of an appropriate pleading. See Lucky Nation, LLC v. Al-Maghazchi, 186 So. 3d 12, 14-15 (Fla. 4th DCA 2016); see generally Scott Stephens, Florida's Third Species of Jurisdiction, 82 Fla. B.J. 10 (Mar.

- 4 -

Third, Nationstar contends that the trial court erred in finding that the effect of section 48.23 was to discharge Nationstar's unrecorded assignment of mortgage. Fourth, Nationstar argues that the trial court erred in finding that the Weilers were bona fide purchasers. Our resolution of the first issue makes it unnecessary to address the other three issues raised on appeal. Accordingly, we turn now to the issue of whether the trial court's order violated Nationstar's procedural due process rights.

### III.  DISCUSSION

Our review of whether a trial court complied with the requirements of due process is de novo. Crescenzo v. Marshall, 199 So. 3d 353, 355 (Fla. 2d DCA 2016) (citing Fed. Nat'l Mortg. Ass'n v. Sanchez, 187 So. 3d 341, 342 (Fla. 4th DCA 2016)); see also Skelton v. Lyons, 157 So. 3d 471, 472 (Fla. 2d DCA 2015) (citing VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC, 68 So. 3d 997, 999 (Fla. 4th DCA 2011)). A trial court "provides due process if the complaining party was given notice and an opportunity to be heard." Casa Inv. Co. v. Nestor, 8 So. 3d 1219, 1220 (Fla. 3d DCA 2009) (quoting Williams v. Miami-Dade County, 969 So. 2d 389, 392 (Fla. 3d DCA 2007)); see also Crescenzo, 199 So. 3d at 355. However, a trial court may violate a party's "due process rights by hearing and determining matters that were not the subject of appropriate notice." Levitt v. Levitt, 454 So. 2d 1070, 1071 (Fla. 2d DCA 1984) (citing Barreiro v. Barreiro, 377 So. 2d 999, 1000 (Fla. 3d DCA 1979)); see also Hully v. Hully, 653 So. 2d 1138, 1140 (Fla. 2d DCA 1995).

---

2008) (discussing subject matter jurisdiction in the sense of a court's authority to hear and determine a dispute based upon the procedural posture of the case).

In Levitt, this court was confronted with a similar issue.  There, the appellant wife filed a motion to continue a scheduled hearing on the appellee husband's petition to modify and reduce his share of the child support agreement.  Levitt, 454 So. 2d at 1071.  The appellant filed and served the appellee with a notice of hearing.  Id. The notice informed the appellee that the motion for continuance would be heard at the hearing.  Id.  At the hearing, the trial court granted the continuance but decided to reduce the appellee's child support obligation.  Id.  This court subsequently reversed, finding that the trial court's decision to reduce the appellee's obligation for child support violated the appellant's due process rights because it heard and determined "matters that were not the subject of appropriate notice."  Id. (citing Barreiro, 377 So. 2d at 1000). This court reasoned that because the notice of hearing "indicate[d] that only the appellant's motion for continuance was to be considered at the hearing," the appellant was neither prepared, nor required to be prepared "to argue against a reduction in child support."  Id.; see also Hully, 653 So. 2d at 1140 (holding that a husband's procedural due process rights were violated because the trial court "heard and determined matters that were not the subject of appropriate notice" by granting the wife's unscheduled motion for default); Barsis v. Barsis, 209 So. 3d 654, 655 (Fla. 5th DCA 2017) (holding that the "trial court's order violated [wife's] due process rights by significantly modifying her timesharing with her children when the only matter scheduled to be addressed at the hearing was the location for the timesharing exchange"); Barreiro, 377 So. 2d at 1000 (holding that a court may not expand the scope of a hearing set only upon a particular motion without prior notice and without appropriate pleadings).  Accordingly, because the trial court erred in ordering the reduction of the appellee's child support

obligation at a hearing on a motion for continuance, this court remanded for further proceedings. See Levitt, 454 So. 2d at 1072.

Here, in similar fashion, we hold that the trial court violated Nationstar's procedural due process rights because it heard and determined matters that were not the subject of appropriate notice. The notice of hearing indicated that only Nationstar's motion to vacate was to be considered at the hearing.[2] However, at the hearing, the trial court heard arguments and accepted evidence regarding whether Nationstar was barred from enforcing the mortgage based on the notice of lis pendens statute and the Weilers' asserted status as bona fide purchasers. In other words, instead of restricting the focus of the hearing to the issue of whether the final judgment of foreclosure should be vacated based on MIPC's failure to produce and surrender the original note, the trial court allowed counsel for the Weilers to recast the subject matter of the hearing to a consideration of whether Nationstar was ultimately prohibited from enforcing its mortgage. Because such matters were outside the original scope of the hearing, Nationstar "was not prepared, nor was [it] required to be prepared, to argue against" the Weilers' arguments. Hully, 653 So. 2d at 1140 (citing Levitt, 454 So. 2d at 1071). Indeed, our conclusion that Nationstar was not afforded procedural due process is further bolstered by the trial court's decision to allow the Weilers not only to argue matters outside the scope of the motion to vacate, but also to introduce a self-serving affidavit into evidence without providing any notice of their intent to object or to present evidence. Accordingly, the trial court violated Nationstar's due process rights by

---

[2]The notice of hearing was included in the trial court's February 12, 2016, order.

expanding the subject of the hearing far beyond its proper scope, which was Nationstar's motion to vacate.

Finally, we note that Nationstar's failure to object on due process grounds during the hearing does not preclude them from raising this issue on appeal. <u>See</u> <u>Withers v. Blomberg</u>, 41 So. 3d 398, 401 (Fla. 2d DCA 2010) ("[A] denial of due process, if proven, constitutes fundamental error, which may be challenged for the first time on appeal." (quoting <u>Verizon Bus. Network Servs., Inc. v. Dep't of Corr.</u>, 988 So. 2d 1148, 1151 (Fla. 1st DCA 2008))); <u>Blechman v. Dely</u>, 138 So. 3d 1110, 1114 (Fla. 4th DCA 2014) (same).

For the foregoing reasons, we reverse the trial court's order denying Nationstar's motion to vacate and remand this case for further proceedings.

Reversed and remanded.


SILBERMAN and BADALAMENTI, JJ., Concur.