DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NAVY FEDERAL CREDIT UNION,**
Appellant,

v.

**CAMDEN SUMMIT PARTNERSHIP, L.P.,**
d/b/a **CAMDEN PLANTATION 554,** and
**TAISHA-MONET SMELLIE,**
Appellees.

No. 4D2024-1833

[April 2, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Terri-Ann Miller, Judge; L.T. Case No. COSO17-007905.

Jennifer Shoaf Richardson and Rebecca Hope Radd of Emmanuel, Sheppard & Condon, Pensacola, for appellant.

No appearance for appellees.

KLINGENSMITH, C.J.

Appellant Navy Federal Credit Union appeals the trial court's order denying its motion for relief from final judgment in garnishment. Appellant argues the trial court abused its discretion by denying its motion for relief from a void final judgment under Florida Rule of Civil Procedure 1.540(b)(4) because the judgment was entered without proper notice to appellant. We agree appellant's due process rights were violated and reverse.

The trial court entered a default final judgment against a debtor in favor of appellee Camden Summit Partnership, L.P., and appellee subsequently moved for the issuance of a writ of garnishment as to appellant. The Clerk of the Court issued the writ and directed appellant to serve an answer to the writ. Appellant timely filed its answer stating: "The Garnishee, in good faith, is in doubt as to whether any indebtedness or property is required to be included in the Garnishee's answer or retained because [debtor] does not have garnishable assets within the issuing state." Appellant's answer

1

advised appellee as to the amount for which it was indebted to debtor, but explained that debtor's accounts were located in Virginia, not Florida.

Debtor responded to the writ by filing a claim of exemption from garnishment and requested a hearing. Appellee filed an affidavit opposing debtor's claim of exemption and an "objection" to appellant's answer pursuant to section 77.061, Florida Statutes (2023). Appellee's objection argued appellant's assertion that debtor did not have garnishable assets in Florida was false and misleading because debtor was believed to reside in Florida. Appellee further argued appellant did not provide any factual basis supporting its assertion that no garnishable assets were located within Florida. Appellee asked the trial court to order appellant to file a legally sufficient answer to the writ of garnishment.

Debtor's claim of exemption was noticed for hearing. The notice for hearing stated the trial court would hear the claim of exemption but did not reference any other motion or issue. Counsel for appellee and debtor were listed on the notice, but counsel for appellant was not. Debtor and appellant failed to appear at the hearing. The trial court subsequently entered its "Order Denying Defendant's Claim of Exemption and Final Judgment in Garnishment," and ordered appellant to release the funds held in debtor's account located in Florida to appellee. The trial court's order noted that appellant did not appear at the hearing and did not respond to appellee's objection to the answer to the writ of garnishment.

Appellant moved for relief from the final judgment in garnishment pursuant to rule 1.540(b)(4), arguing the trial court's judgment was void and should be set aside because, among other things, appellant was not given an opportunity to be heard as no hearing had been set on its answer or appellee's objection. Appellant also argued no motion for final judgment was pending when the trial court entered the final judgment, and the trial court's hearing was not noticed as a hearing on final judgment. That motion was denied, and this appeal followed.

Rule 1.540(b)(4) provides that a court may relieve a party from a final judgment if the judgment is void. We generally review the denial of a motion for relief from judgment for an abuse of discretion. *Vercosa v. Fields,* 174 So. 3d 550, 552 (Fla. 4th DCA 2015) (citing *Shiver v. Wharton*, 9 So. 3d 687, 689 (Fla. 4th DCA 2009)). "Where a final judgment is void, however, the trial court has no discretion and is obligated to vacate the judgment." *Id.* (citing *Horton v. Rodriguez Espaillat y Asociados*, 926 So. 2d 436, 437 (Fla. 3d DCA 2006)). Determining whether a judgment is void is a matter of law that is reviewed de novo. *Id.*

"Basic due process requires a party to be provided notice and a meaningful opportunity to be heard, the denial of which constitutes fundamental error." *Schneider v. Tirikian*, 397 So. 3d 1070, 1072 (Fla. 3d DCA 2024) (quoting *Pena v. Rodriguez*, 273 So. 3d 237, 240 (Fla. 3d DCA 2019)). To satisfy due process, "[t]he notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Id.* at 1073 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L.Ed. 865 (1950)). As a result, "the failure to provide a party with adequate notice of the need to be present at a hearing constitutes a violation of due process." *Id.* (quoting *Messing v. Nieradka*, 230 So. 3d 962, 965 (Fla. 2d DCA 2017)). A violation of due process also occurs if a final judgment grants relief not requested by the appropriate pleadings and motions or tried by consent. *See Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945-46 (Fla. 4th DCA 2015); *Nationstar Mortg., LLC v. Weiler*, 227 So. 3d 181, 183-84 (Fla. 2d DCA 2017); *Eadie v. Gillis*, 363 So. 3d 1115, 1117 (Fla. 5th DCA 2023).

The final judgment of garnishment reflects that the trial court held a hearing, but the notice for that hearing states that the trial court would be hearing only the "claim of exemption." The notice does not reference any other motion or issue. Further, debtor's claim of exemption did not address the issues raised in appellant's answer to the writ of garnishment or appellee's objection to the answer, nor did debtor ask the trial court to enter a final judgment in garnishment.

Despite these absences from the pleadings, the trial court's order denying debtor's claim of exemption states that appellant failed to refute the allegations in appellee's objection to the answer, concludes that the accounts were in Florida, and enters final judgment of garnishment in appellee's favor. The notice of hearing was inadequate to put appellant on notice that it needed to be present at the hearing to address the arguments raised in its answer to the writ of garnishment. In addressing these issues, the trial court improperly expanded the hearing's scope and granted relief not requested in debtor's motion, which violated appellant's due process rights by rendering decisions on issues raised in appellant's answer to the writ and appellee's objection and by entering the final judgment of garnishment thereon. *See Weiler*, 227 So. 3d at 183-84; *Eadie*, 363 So. 3d at 1117.

We also note that at the time of the hearing on debtor's claim of exemption, appellant's answer to the writ of garnishment challenging the trial court's jurisdiction—as well as appellee's objection to the answer—were still pending before the trial court. Nothing in the record shows

appellant should have reasonably expected the hearing on debtor's claim of exemption to affect its interests. In fact, section 77.083, Florida Statutes (2023), expressly requires a trial before a judgment can be entered in garnishment if a plaintiff contests the garnishee's answer in a reply filed pursuant to section 77.061, Florida Statutes (2023). *See Navy Fed. Credit Union v. Veros Credit, LLC*, 396 So. 3d 590, 592 (Fla. 4th DCA 2024).

Accordingly, the final judgment of garnishment is void, and the trial court erred by denying appellant's motion for relief from judgment under rule 1.540. We reverse for the trial court to grant appellant's motion for relief consistent with this opinion and remand for further proceedings.

*Reversed and remanded.*

DAMOORGIAN and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***