SORONDO, J.
Carlos Saenz appeals from the lower court’s order denying his motion to set aside final judgment for Mercedes Pena.
In November 1994, Pena commenced an action against Saenz as owner and lessor of an apartment complex, contending that she was injured when he breached his duty to maintain the property in a reasonably safe condition. On August 18, 1998, the trial court sent the parties a uniform order setting the case for jury trial during the two week period commencing on April 19, 1999. A copy of the order was sent to Saenz’s counsel of record at the time.
On March 23, 1999, Saenz’s counsel moved to withdraw, stating that she had lost contact with her client and had no means to communicate with him. The cer *827 tificates of service on the motion to withdraw and the accompanying notice of hearing reflect that they were served on Pena’s counsel but did not reflect that copies were mailed to Saenz. On April 19, 1999, the trial court entered an order permitting Saenz’s counsel to withdraw and stating that any further pleadings be sent to Saenz. The lower court then entered a directed verdict on the liability issue against Saenz, who was not present, and the jury returned a verdict awarding Pena $160,789.65 in damages. On April 20, 1999, a final judgment was entered against Saenz, with copies sent to Saenz, his predecessor counsel and Pena.
On May 14, 1999, Saenz served an un-sworn pro se motion to set aside the final judgment. In the motion, he alleged that he had been residing outside of Florida due to health problems, that he returned to the state after April 19th and upon retrieving his mail he learned for the first time that a final judgment had been entered, that he did not receive any notice that his attorney had withdrawn or that the case was going to trial on April 19th and that he was unable to defend himself. On May 26, 1999, after a non-evidentiary hearing, the trial court entered an order denying the motion to set aside the judgment. Saenz appeals.
We conclude that because the motion to withdraw was filed without notice to Saenz, in violation of the mandatory notice requirements of rule 2.060(j), Florida Rules of Judicial Administration, the motion to set aside judgment should have been granted. The rule states:
An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney shall file a motion for that purpose stating the reasons for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties. The motion shall be set for hearing and notice of hearing shall be served on the client and adverse parties.
Fla. R. Jud. Admin. 2.060(j) (emphasis added). In the present case, counsel for Saenz did not serve a copy of her motion to withdraw on her client, thereby violating the mandatory requirements of the rule. See Baxter v. Baxter, 684 So.2d 886 (Fla. 5th DCA 1996). See also Seinsheimer Cos., Inc. v. Cobia Point Condominium Ass’n, Inc., 616 So.2d 1136 (Fla. 3d DCA 1993). Because a violation of the rule is apparent on the face of the record, sworn proof of lack of notice was not necessary.
We reverse the order denying the motion to set aside the judgment and remand with instructions to grant the same.
Reversed and remanded.