CASANUEVA, Judge.
In this appeal from a final judgment of dissolution of marriage, Richard Garden asserts the trial court erred by denying his request for a continuance, by permitting his counsel to withdraw immediately prior to the trial’s commencement, and by assigning an inflated value to an asset acquired during the term of the marriage. Because we conclude that the trial court improperly permitted Mr. Garden’s counsel to withdraw at the moment of trial, we reverse.
Penny Garden filed a petition for dissolution on November 8, 1999, after the parties had been married ten years. The case was first set for trial on February 20, 2001, but counsel for Mr. Garden filed a motion to withdraw from his representation on January 16, 2001, asserting that his client was no longer compensating him. That motion, however, was not noticed or set for hearing and counsel continued .to represent Mr. Garden.
Following a stipulation the trial was continued and rescheduled for the week of April 23, 2001. However, on April 23, Mr. Garden’s counsel filed a motion to continue, the trial, asserting that he had received a fax from his client that morning indicating that business conflicts in Texas prevented Mr. Garden from attending the trial and that his absence had prevented his counsel from preparing for trial. The court denied Mr. Garden’s motion to continue on April 24, 2001.
On that samé date Mr. Garden’s counsel noticed his motion to withdraw and scheduled it for hearing on April 26, 2001, at 9 a.m., but the notice did not specifically refer to the January motion to withdraw. The certificate of service stated that the motion to withdraw was mailed to Mr. Garden’s Sarasota address.
The-motion- to withdraw was considered by the trial court immediately after the motion to continue had been denied. The transcript reflects the following:
The Court: And the second motion-was?
*192 Mr. Garden’s Counsel: A Motion to Withdraw as counsel of record.
The Court: I assume that’s based on a failure of communication?
Mr. Garden’s Counsel: Failure of communication with my client, your Honor.
Wife’s Counsel: Judge, our most important concern is to proceed to trial today. We don’t want the husband to, by his own actions, dictate a continuance with the Court....
The Court: I think that what [Mr. Garden’s counsel] is telling us is he doesn’t want to be here representing a recalcitrant client.
Mr. Garden’s Counsel: Your Honor, that’s exactly right. I happen to know how the judge is going to rule on that motion, so I would like to amend the pleadings, though, your Honor.
The Court: Okay.
After denying the motion to amend, the trial court granted the motion to withdraw.
First, we conclude that the trial court properly denied the motion for continuance and affirm on that ground. The second issue is whether the trial court erred by granting the motion to withdraw, which is a matter within the trial court’s discretion.
Mr. Garden’s counsel asserted different grounds for withdrawal in his written and oral motions. In writing counsel cited his client’s alleged failure to compensate him for services rendered; orally, however, counsel alleged that his client failed to communicate with him and thus frustrated trial preparation. Neither ground is of consequence to our analysis, however, because specific rules of judicial administration govern the resolution of this appeal.
Florida Rule of Judicial Administration 2.060(i) establishes several requirements for obtaining court approval of a motion to withdraw:
An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney shall file a motion for that purpose stating the reasons for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties. The motion shall be set for hearing and notice of hearing shall be served on the client and adverse parties.
It is apparent that this rule imposes on counsel an obligation to set the motion for hearing, to provide proper notice, and to inform the client, opposing counsel, and the court of the reason for withdrawal. The notice requirement implicates due process concerns of notice and opportunity to be heard; obviously, then, the notice and motion must be timely and must afford the client an opportunity to respond.
The record in this case establishes that counsel failed to give Mr. Garden proper notice of his request to terminate representation. The notice of hearing reflects that notice was sent to Mr. Garden at a Sarasota business address at a time when counsel was moving the court to continue the pending trial because Mr. Garden was in Texas. Although the notice of hearing contained additional language indicating that a “correct copy of the foregoing has been furnished by U.S. Mail/Via Fax” to Mr. Garden, neither the notice itself nor the hearing record establishes the telephone number to which the notice of hearing was faxed, and there is no supporting assertion suggesting that the telephone number was one that could reasonably be expected to provide contact with Mr. Garden. In a somewhat analogous case, Harreld v. Harreld, 682 So.2d 635, 636 (Fla. 2d DCA 1996), this court held that “two working days’ notice of a contested final hearing in a dissolution action where the hus *193 band resides outside the state and is not represented is insufficient.” See also Conner v. Conner, 800 So.2d 724 (Fla. 2d DCA 2001). On these facts, we conclude that sufficient notice was not afforded Mr. Garden and that he was denied due process.
Next, on the record before us we conclude that counsel failed to establish by competent proof the alleged basis for withdrawal. Where, as here, the motion is being heard simultaneously with the trial’s commencement, more is required than counsel’s statement. Particulars setting forth the duration and specifics of efforts to communicate with an alleged recalcitrant client should appear in the record supporting a court’s determination to permit counsel’s withdrawal. The information can be presented without violating attorney-client privilege. We conclude that counsel presented the court with an insufficient factual basis to support his request to withdraw.
We also note that Florida Rule of Judicial Administration 2.071 might have afforded all concerned an opportunity to hear Mr. Garden’s response to the motion. This rule permits a party to appear tele-phonieally and provides the manner in which such a hearing-is arranged with the court.
When these situations occur, as they frequently do, the trial court is often faced with what it regards as a Hobson’s choice. It may permit counsel to withdraw and, due to a party’s lack of representation, continue the case. This choice detrimentally affects the opposing party, who is prepared for trial and has incurred costs and attorney’s fees in doing so. The court’s other option is to grant the withdrawal motion and to deny the continuance request, thereby facing the potential that the ruling may cause the moving party to suffer a denial of due process.
There is, we believe, a third choice. Rule 4-1.16(b) of the Rules Regulating the-Florida Bar governs an attorney’s ethical termination of representation. In those situations where withdrawal is optional, as here, the rule 4-1.6(b) provides that withdrawal should be “accomplished without material adverse effect on the interest of the client.” Withdrawal at the moment a trial is to commence can seldom be accomplished without material adverse effect on the client. Thus, rule 4-1.16(e) authorizes the court to require continued representation of the client by counsel, even in those instances where good cause to withdraw exists. In those circumstances the court is not required to grant a motion to withdraw and may properly require a lawyer who has tardily moved to withdraw to continue representing the client.
We conclude that the trial court abused its discretion by granting the motion to withdraw and failing to require counsel to continue representing Mr. Garden. We acknowledge that this may be burdensome to the moving attorney, but the risk should be borne by counsel who is most familiar with the client and events and not by the court or by the opposing party, who is financially and perhaps emotionally affected by counsel’s last-minute withdrawal. On remand, the trial court may, within its discretion, assess fees and costs of Mrs. Garden’s counsel’s duplicate trial preparation against Mr. Garden and may consider encumbering marital assets or assets awarded to Mr. Garden to insure payment.
Accordingly, the final judgment of dissolution of marriage, except for the granting of the dissolution, is reversed, and this cause is remanded for further proceedings.
SALCINES and STRINGER, JJ., concur.