PER CURIAM.
At the trial of the appellant/mother’s petition for modification, the court started the hearing before her counsel, who was late, had arrived. When her counsel showed up he handed the judge a motion to withdraw for lack of cooperation from the mother and, over the mother’s objection, the court granted the motion. Before her counsel had arrived the court denied the mother’s motion for continuance. After allowing counsel to withdraw the court proceeded with the modification hearing and denied modification.
In Garden v. Garden, 834 So.2d 190, 193 (Fla. 2d DCA 2002), the court reversed where counsel had been allowed to withdraw at trial, explaining:
Withdrawal at the moment a trial is to commence can seldom be accomplished without material adverse effect on the client. Thus, rule 4 — 1.16(c) authorizes the court to require continued representation of the client by counsel, even in those instances where good cause to *312 withdraw exists. - • In those circumstances the court is not required to grant a motion to withdraw and may properly require a lawyer who has tardily moved to withdraw to continue representing the client.
In addition, rule 2.060(i), Fla. R. Jud. Admin.[1] provided:
The attorney shall file a motion [to withdraw] stating the reasons for the withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties. The motion shall be set for hearing and notice of hearing shall be served on the client and adverse parties.
The mother also argues that the court, after allowing her counsel to withdraw, cross examined her and, in so doing, lost its neutrality and became an advocate for the father. This point is also well taken.
We accordingly reverse and remand for a new hearing before a different judge.
WARNER, KLEIN and TAYLOR, JJ., concur.

. This rule has been moved to rule 9.440, Florida Rules of Appellate Procedure. Amendments to Florida Rules of Judicial Administration, 851 So.2d 698 (Fla.2003).