974 So.2d 1199 (2008)
John M. COLDIRON, Appellant,
v.
SEMINOLE COUNTY SHERIFF'S DEPARTMENT, Appellee.
No. 5D06-3622.
District Court of Appeal of Florida, Fifth District.
February 22, 2008.
*1200 John M. Coldiron, Longwood, pro se.
David Lane, Sanford, for Appellee.
PER CURIAM.
Appellant challenges the lower court's order denying his motion to set aside a final judgment of forfeiture. Appellant contends that the summary final judgment is void because he was not afforded notice of the hearing. Concluding that the lower court erred in not granting Appellant's motion, we reverse and remand this cause for further proceedings.
Appellee initiated proceedings to forfeit $10,487 in U.S. currency confiscated from Appellant during his arrest. The forfeiture proceeding was served upon Appellant by publication. Counsel entered an appearance on behalf of Appellant and filed an answer to the forfeiture complaint. Subsequently, counsel was permitted to withdraw. However, the motion to withdraw did not to comply with Florida Rule of Judicial Administration 2.505(f)(1) because it failed to set forth Appellant's last known address and the certificate of service evidences that the motion to withdraw was not served upon Appellant. The order permitting counsel to withdraw also did not provide an address upon which Appellant may be served with notices and was not sent to Appellant.
Several months after counsel was permitted to withdraw, Appellee filed a motion for summary judgment. The certificate of service states that the motion was served upon Appellant by U.S. mail. There is no indication in the record, however, as to how the address in the certificate of service was associated with Appellant and Appellant states that he never received the motion or notice for hearing. When Appellant did not appear for the hearing on Appellee's motion for summary judgment, the court entered final judgment.
Because the hearing that resulted in the entry of the judgment was not properly noticed, the final judgment is void. Greisel v. Gregg, 733 So.2d 1119, 1121 (Fla. 5th DCA 1999). The lower court's order denying Appellant's motion to set aside the final judgment reasoned that Appellant had failed to comply with his burden to keep the clerk informed of his proper address. Therefore, the lower court concluded that Appellant was not entitled to notice. We disagree with this conclusion because Appellant had employed counsel to receive notices in the action and he was not given proper notice of counsel's attempt to withdraw.
REVERSED and REMANDED.
PALMER, C.J., PLEUS and TORPY, JJ., concur.