IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AGAPE CHARTER SCHOOL, INC.,
AGAPE CHRISTIAN ACADEMY & PRESCHOOL, INC.,
AGAPE ASSEMBLY BAPTIST CHURCH,

      Appellants,

 v.

SUMMIT CHARTER SCHOOL, INC.,

      Appellee.
_____/

Case No.  5D16-3419

Opinion filed August 31, 2018

Appeal from the Circuit Court
for Orange County,
Julie O'Kane, Judge.

James Sweeting, III, Law Office of James
Sweeting, III, Churchville, Maryland, for
Appellants.

Justin Eisele, of Gagnon Eisele, P.A.,
Winter Park, for Appellee.

PER CURIAM.

Agape Assembly Baptist Church, Inc. (Agape Baptist), Agape Christian Academy

& Preschool, Inc. (Agape Christian Academy), and Agape Christian Academy High

School Vocational Trade & Business Technology, Inc. (Agape Vocational) (collectively,

Appellants) appeal the order denying their Florida Rule of Civil Procedure 1.540(b) motion

for relief from the default final judgment entered in favor of Summit Charter Schools, Inc.

(Summit) in a landlord-tenant dispute.[1]  The default final judgment was entered after Appellants' attorney, Dean F. Mosley, withdrew and their pleadings were stricken.  We reverse because Mosley's motion to withdraw and the notice of hearing did not comply with the mandatory requirements in Florida Rule of Judicial Administration 2.505(f)(1).  As a result, Appellants did not receive notice of Mosley's withdrawal or any papers or pleadings filed thereafter, including Summit's motion for a default judgment.  Thus, we conclude the trial court abused its discretion in failing to grant Appellants' motion for relief from judgment under rule 1.540(b).

Florida Rule of Judicial Administration 2.505(f)(1) contains a mandatory requirement that an attorney filing a motion to withdraw timely serve both the motion and the notice of hearing on his or her client at the client's last known address.  See Coldiron v. Seminole Cty. Sheriff's Dep't, 974 So. 2d 1199, 1200 (Fla. 5th DCA 2008); Garden v. Garden, 834 So. 2d 190, 192 (Fla. 2d DCA 2002); Saenz v. Pena, 754 So. 2d 826, 827 (Fla. 3d DCA 2000).[2]  That was not done here.  "The notice requirement implicates due process concerns of notice and opportunity to be heard; obviously, then, the notice and motion must be timely and must afford the client an opportunity to respond."  Garden, 834 So. 2d at 192.  These due process implications mean that a violation of rule 2.505(f)(1) is fundamental error.  See Nationstar Mortg., LLC v. Weiler, 227 So. 3d 181, 184–85 (Fla. 2d DCA 2017) (citing Withers v. Blomberg, 41 So. 3d 398, 401 (Fla. 2d DCA 2010)).

---

[1] Agape Charter School, Inc. was not named in the complaint or the default final judgment.  It appears for the first time in the rule 1.540(b) motion for relief from judgment.

[2] Garden and Saenz involve an earlier version of the rule on motions to withdraw as counsel.

Sworn proof of the violation of rule 2.505(f)(1) is not required when the violation of rule 2.505(f)(1) is apparent on the face of the record. Saenz, 754 So. 2d at 827 (finding violation of rule where certificate of service on motion to withdraw did not state that client was served). The face of the record, here, does not contain a notice of hearing on the motion to withdraw. Neither does the motion to withdraw provide the last known addresses of the various corporate Appellants. The certificate of service on the trial court's order requiring a hearing on the motion to withdraw did not set a date for the hearing and did not state that it was served on Appellants.

Even if the violation of the rule had not been apparent on the face of the record, the presumption of receipt created by the certificate of service was rebutted by sworn testimony and affidavits. See Fla. R. Civ. P. 1.080(a); Fla. R. Jud. Admin. 2.516(f); Camerota v. Kaufman, 666 So. 2d 1042, 1045 (Fla. 4th DCA 1996) (citing Allstate Ins. Co. v. Eckert, 472 So. 2d 807, 809 (Fla. 4th DCA 1985)); see also JPMorgan Chase Bank, Nat'l Ass'n v. Bigley, 120 So. 3d 1265 (Fla. 3d DCA 2013). At the evidentiary hearing on the rule 1.540(b) motion, Richard Bishop, the pastor of Agape Baptist and a corporate officer for all three Appellants, was the sole witness.[3] Bishop denied that Appellants had any knowledge of Mosley's withdrawal and testified that Appellants did not receive the motion to withdraw, the notice of hearing, the order on that motion, or any of the subsequent court filings. He testified that the address listed in the certificate of service on the motion to withdraw had never been used as a mailing address in Appellants' previous dealings with Mosley. That erroneous address was thereafter utilized by Summit

---

[3] Appellants also supported their motion with affidavits.

and the trial court. Summit did not present any witnesses or affidavits to contradict Bishop's testimony and admitted only the writ of execution and the sheriff's levy into evidence through Bishop.[4] Summit did not call Mosley as a witness to testify about his unsworn assertions contained in the motion to withdraw that he had discussed withdrawal with his clients. See Faircloth v. Bliss, 917 So. 2d 1005, 1006–07 (Fla. 4th DCA 2006) (quoting Leon Shaffer Golnick Advert., Inc. v. Cedar, 423 So. 2d 1015, 1017 (Fla. 4th DCA 1982)).

We conclude the trial court abused its discretion in denying Appellants' motion for relief from judgment. Accordingly, we reverse the order denying Appellants' rule 1.540(b) motion for relief from judgment and remand for the trial court to enter an order granting Appellants' motion for relief from judgment and to vacate the order striking Appellants' pleadings and entering default final judgment as to liability, the default final judgment on damages, the writ of execution, the sheriff's sale, and the sheriff's deed.

REVERSED AND REMANDED.

SAWAYA, ORFINGER and BERGER, JJ., concur.

---

[4] The unsworn but stipulated statement by Summit's counsel that he had never had mail sent by his law firm after the withdrawal motion was granted to the address used by Mosley in the motion returned as undeliverable is not relevant as neither Summit's counsel nor his firm mailed the motion to withdraw, the order requiring a hearing, or the notice of hearing.