# Third District Court of Appeal

## State of Florida

Opinion filed December 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-873
Lower Tribunal No. 20-13100
_____

**Wanda Mota,**
Appellant,

vs.

**Miami-Dade County, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Wanda Mota, in proper person.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Joni A. Mosely, Assistant County Attorney, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

Wanda Mota appeals the dismissal of her complaint for negligence against Miami-Dade County, which was based upon her failure to either timely obtain counsel, or to notify the court of her intent to represent herself, following the withdrawal of her prior counsel. We reverse and remand because there is nothing in the record evidencing that Mota was sent proper notice of the hearing on her attorney's motion to withdraw. Nor is there anything in the record to refute Mota's averment, made in the court below, that she did not timely receive notice of that hearing.[1] Therefore, it was error for the trial court to dismiss Mota's complaint based upon Mota's failure to timely comply with the order granting the motion to withdraw. See Fla. R. Jud. Admin. 2.505(f)(1); Saenz v. Pena, 754 So. 2d 826 (Fla. 3d DCA 2000) (holding that where motion to withdraw is filed without notice to client, in violation of the mandatory notice requirements of rule 2.060(j),[2] the court should have granted the motion to set aside later-entered judgment against the client); Agape Charter School, Inc. v. Summit Charter School, Inc., 254 So. 3d 1129, 1130 (Fla. 5th DCA 2018) (noting: "Florida Rule of Judicial Administration 2.505(f)(1) contains a mandatory requirement that an

---

[1] We note the commendable concession by Miami-Dade County that there is nothing in the record to refute Mota's contention that she did not timely receive notice of the hearing on her counsel's motion to withdraw.

[2] Renumbered as Rule 2.505.

attorney filing a motion to withdraw timely serve both the motion and the notice of hearing on his or her client at the client's known address" and that this "'notice requirement implicates due process concerns of notice and opportunity to be heard; obviously, then, the notice and motion must be timely and must afford the client an opportunity to respond'") (quoting Garden v. Garden, 834 So. 2d 190, 192 (Fla. 2d DCA 2002)).