# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-0748
LT Case No. 2019-DR-058427

_____

HAZEM ELSAWAF,

    Appellant,

    v.

CATHERINE ELSAWAF,

    Appellee.

_____


On appeal from the Circuit Court for Brevard County.
Jigisa Patel-Dookhoo, Judge.

Nancy A. Hass, of Nancy A. Hass, P.A., Fort Lauderdale, for
Appellant.

Lindsey Gardner Shneyder, of Beachfront Family Law, Satellite
Beach, for Appellee.

May 10, 2024


LAMBERT, J.

Hazem Elsawaf ("Former Husband") appeals the final
judgment rendered after trial that dissolved his long-term
marriage to Catherine Elsawaf ("Former Wife"). Former Husband
raises two arguments for reversal. First, he contends that the trial
court erred in granting his counsel's motion to withdraw from
representation on the morning of trial that had been filed the

previous day and then not granting his pro se request for continuance of the trial. Second, Former Husband argues that, for various reasons, the trial court reversibly erred when it ordered him to pay the sum of $6,332.50 towards Former Wife's attorney's fees.

We find it unnecessary to reach the merits of this second issue because our resolution of the first issue is dispositive. For the following reasons, we reverse the final judgment, other than the dissolution of the marriage itself, and remand for a new trial.

I

Trial in this case was set for December 1, 2022, beginning at 9:00 a.m.[1] Leading up to the day of trial, Former Husband had been represented by counsel for approximately nine months.[2]

At 12:44 p.m. on the afternoon before trial, Former Husband's counsel emailed Former Husband and opposing counsel a motion to withdraw from representation. The motion alleged that Former Husband had not substantially fulfilled his financial obligations to counsel and that it would be "unreasonably difficult" for counsel to continue with the representation as they now had "irreconcilable differences."

The motion to withdraw was not noticed for hearing; however, it was heard the following morning just before trial commenced. Upon the court orally granting the motion to withdraw over objection,[3] Former Husband, now pro se, requested that the trial be continued, arguing that he would be prejudiced if required to immediately proceed to trial as he was not prepared to represent

_____

[1] The court also reserved December 12, 2022, as a second day for trial, if needed.

[2] Former Wife was also represented by counsel, and each counsel of record was that party's second attorney in the case.

[3] The trial court later entered an unelaborated written order granting the motion "for good cause."

himself. The request was denied, and trial was held that same day.

Following entry of the final judgment, Former Husband timely moved for rehearing asserting, among other things, that, under these aforementioned circumstances, his right to due process and a fair trial had been violated. The trial court denied the motion without a hearing, and this appeal ensued.

## II

Whether a trial court has violated a party's right to due process is reviewed de novo. *Garrison v. Williamson*, 372 So. 3d 1275, 1276 (Fla. 5th DCA 2023) (citing *Jenkins v. M.F.*, 280 So. 3d 507, 510 (Fla. 5th DCA 2019)). On its most basic level, the concept of "due process requires both reasonable notice and a meaningful opportunity to be heard." *Spencer v. Kelner*, 357 So. 3d 166, 168 (Fla. 4th DCA 2023) (quoting *Yue Yan v. Byers*, 88 So. 3d 392, 394 (Fla. 4th DCA 2012)). For the following reasons, we agree with Former Husband that the trial court, by allowing Former Husband's counsel to withdraw from representation on the morning of trial with less than twenty-four hours' notice, thus placing Former Husband in the position of having to represent himself at trial without adequate time to prepare, violated his right to due process.

## III

The process by which an attorney may withdraw from representation in an action or proceeding is addressed in Florida Rule of General Practice and Judicial Administration 2.505(f)(1). This rule states that withdrawal from representation is to be by written order of the court after hearing upon a motion that sets forth the reasons for withdrawal and includes the client's last known address, telephone number, and email address.

Rule 4-1.16 of the Rules Regulating the Florida Bar, titled Declining or Terminating Representation, sets forth the substantive grounds or reasons for an attorney's withdrawal from representation. Subdivision (a) of this rule describes when withdrawal is mandatory and provides:

**(a) When Lawyer Must Decline or Terminate Representation.** Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;

(3) the lawyer is discharged;

(4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or

(5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.

Rule 4-1.16(b) then describes when withdrawal from representation is optional:

**(b) When Withdrawal Is Allowed**. Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

4

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

Notably, both 4-1.16(a) and 4-1.16(b) specifically reference the exception or limitation in subdivision (c) of this rule to a counsel's ability to withdraw. Rule 4-1.16(c) states:

> **(c) Compliance With Order of Tribunal.** A lawyer must comply with applicable law requiring notice or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Accordingly, an attorney seeking to withdraw must provide proper or lawful notice of their intent to withdraw; and, secondly, even if good cause for withdrawal is shown, the court may require that the attorney continue with representation.

Former Husband's counsel's motion to withdraw did not allege any of the grounds under rule 4-1.16(a) when withdrawal from representation would be mandatory. Thus, turning to rule 4.1-16(b) when withdrawal from representation is optional, as it was here, withdrawal is permissible provided it "can be accomplished without material adverse effect on the interests of the client." In the present case, we conclude that the court-allowed withdrawal of counsel at the commencement of trial resulted in a material adverse effect upon Former Husband.

The case of *Garden v. Garden*, 834 So. 2d 190 (Fla. 2d DCA 2002), is instructive on this issue. Much like what occurred here, the husband's counsel filed a motion to withdraw shortly before the start of the dissolution of marriage trial. *Id.* at 191. The trial court granted the motion to withdraw, and the case proceeded to trial. *Id.* at 192. On appeal from the final judgment, the husband argued that the trial court erred by permitting his counsel to withdraw immediately prior to the trial's commencement and in denying his request for a continuance. *Id.* at 191.

5

The Second District agreed with the husband, concluding that the trial court erred in granting the motion to withdraw, *id.* at 193, and reversed the final judgment, except as to the granting of the dissolution itself. *Id.* Pertinent here, the court wrote:

When these situations [of a party's counsel moving to withdraw shortly before trial] occur, as they frequently do, the trial court is often faced with what it regards as a Hobson's choice. It may permit counsel to withdraw and, due to a party's lack of representation, continue the case. This choice detrimentally affects the opposing party, who is prepared for trial and has incurred costs and attorney's fees in doing so. The court's other option is to grant the withdrawal motion and to deny the continuance request, thereby facing the potential that the ruling may cause the moving party to suffer a denial of due process.

There is, we believe, a third choice. Rule 4–1.16(b) of the Rules Regulating the Florida Bar governs an attorney's ethical termination of representation. In those situations where withdrawal is optional, as here, the rule 4–1.16(b) provides that withdrawal should be "accomplished without material adverse effect on the interest of the client." Withdrawal at the moment a trial is to commence can seldom be accomplished without material adverse effect on the client. Thus, rule 4–1.16(c) authorizes the court to require continued representation of the client by counsel, even in those instances where good cause to withdraw exists. In those circumstances the court is not required to grant a motion to withdraw and may properly require a lawyer who has tardily moved to withdraw to continue representing the client.

We conclude that the trial court abused its discretion by granting the motion to withdraw and failing to require counsel to continue representing Mr. Garden. We acknowledge that this may be burdensome to the moving attorney, but the risk should be borne by counsel who is most familiar with the client and events and not by the court or by the opposing party . . . .

*Id.*

We agree with our sister court. Former Husband, a layman, was essentially placed on notice by his counsel's motion to withdraw, filed approximately twenty hours before the start of trial, that he faced the possibility of going to trial without the attorney who had been representing him over the preceding nine months. We have no hesitancy in holding that such circumstances violated Former Husband's right to due process. *Garden* and rule 4-1.16(c) make clear that even if good cause exists for withdrawal, a trial court may nevertheless require an attorney who has not timely moved to withdraw to continue with representation. The trial court erred in not doing so here.

We therefore affirm the final judgment to the extent that it dissolved the marriage, but otherwise reverse and remand for a new trial.[4]

AFFIRMED, in part; REVERSED, in part, and REMANDED for a new trial.

EDWARDS, C.J., and MACIVER, J., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[4] As previously indicated, we take no position on the merits of Former Husband's second argument regarding the trial court's award of attorney's fees to Former Wife. Upon remand, we remind the trial court that if it does award attorney's fees to either party, it must include in the judgment the requisite findings to support such an award, including findings as to the reasonable hourly rate and the reasonable number of hours expended. *See Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).